## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JANE DOE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| MAMSI LIFE AND HEALTH | ) | CASE NO. 1:05CV02450 (ESH) |
| INSURANCE COMPANY, | ) | |
| 4 Taft Court | ) | |
| Rockville MD  20850 | ) | |
| | ) | |
| And | ) | |
| | ) | |
| IPRO NATIONAL MEDICAL | ) | |
| REVIEW, LTD. | ) | |
| 1979 Marcus Avenue | ) | |
| Lake Success NY  11042 | ) | |
| | ) | |
| Defendants. | ) | |

## MOTION TO DISMISS

**COMES NOW** Defendant IPRO National Medical Review, Ltd. ("IPRO"), by and through counsel, pursuant to Federal Rule of Civil Procedure 12(b)(6), to seek an Order of this Court dismissing this case as to Defendant IPRO as Plaintiff has failed to state a cause of action against any IPRO entity.  As more fully set forth in the attached Memorandum of Points and Authorities:

1. Plaintiff has sued the wrong entity, which alone is grounds for dismissal;

2. IPRO is immune from liability for the actions that form the basis of Plaintiff's complaint, pursuant to D.C. Stat. § 44-301.08(h);

3.  Plaintiff has failed to state any factual basis for her allegation that IPRO forced her to bring suit against MAMSI, as IPRO's recommendations are non-binding;

4.  Plaintiff has failed to state any factual basis for her allegation that IPRO breached its contract with the District of Columbia Department of Health, as all actions taken by IPRO were in strict conformity with that contract and Plaintiff has alleged nothing to the contrary; and

5.  Plaintiff has failed to state any factual basis for her allegation that IPRO acted in bad faith, as all actions taken by IPRO were in strict conformity not only with its contract with the D.C. Government, but also with all applicable statutes and regulations and Plaintiff has alleged nothing to the contrary.

**WHEREFORE** IPRO respectfully requests that Plaintiff's claims against it be dismissed in their entirety.

**ORAL HEARING REQUESTED**

Respectfully submitted,


_____/s/_____

Daly D.E. Temchine
**EPSTEIN BECKER & GREEN, PC**
1227 25th Street, NW
Washington, D.C. 20037
(202) 861-0900
*Attorney for Defendant IPRO*


Dated: February 6, 2006

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JANE DOE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| MAMSI LIFE AND HEALTH | ) | CASE NO. 1:05CV02450 (ESH) |
| INSURANCE COMPANY, | ) | |
| 4 Taft Court | ) | |
| Rockville MD  20850 | ) | |
| | ) | |
| And | ) | |
| | ) | |
| IPRO NATIONAL MEDICAL | ) | |
| REVIEW, LTD. | ) | |
| 1979 Marcus Avenue | ) | |
| Lake Success NY  11042 | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT IPRO'S MOTION TO DISMISS

### I.  Plaintiff Has Sued the Wrong Entity

Plaintiff's claims against IPRO should be dismissed in their entirety, as the named

defendant – IPRO National Medical Review, Ltd. – is not the proper defendant in this

action.  IPRO National Medical Review, Ltd. does not have a contract with the District of

Columbia Department of Health to conduct external reviews of health plan coverage

decisions, and did not render a recommendation in this case.  *See* Ex. A hereto, letter

from Patrick E. Kelly, Appeals and Grievance Coordinator, D.C. Department of Health,

to J. Michael Hannon, Esq., dated March 11, 2005 ("Your appeal will be reviewed by

IPRO, Inc.") (emphasis added). Plaintiff's claims against IPRO National Medical Review, Ltd. must therefore be dismissed. Moreover, IPRO hereby requests that Plaintiff's claims be dismissed with prejudice. Even if Plaintiff were to re-plead the claims contained in the current Complaint against the correct IPRO entity, they still fail to state a cause of action against that entity for the reasons set forth below.

## II. IPRO is Immune

Plaintiff's claims against IPRO must also be dismissed because they relate exclusively to acts performed by IPRO under its contract with the District of Columbia Department of Health to perform external appeals of health plan benefit denials pursuant to D.C. Stat. § 44-301.07. The statute creating independent external appeals of health plan decisions, and authorizing the D.C. government to contract with private entities to perform these reviews, states: "Neither an independent review organization nor an individual working for an external review panel pursuant to this chapter shall be held liable for any recommendation presented by the independent review organization, except in cases of gross negligence, recklessness, or intentional misconduct." D.C. Stat. § 44-301.08(h).

Here, plaintiff has not alleged any negligent or reckless conduct, on the part of IPRO. While plaintiff states in Count VI that "IPRO conducted its review in bad faith with a calculated and wrongful intention to cause harm to plaintiff," Compl. ¶ 63, there are no factual allegations that the procedures followed by IPRO in reaching its determination were grossly negligent, reckless, or involved intentional misconduct. Thus the complaint fails to allege that IPRO acted in a manner that takes it outside the purview of the immunity provided by the statute. Because the statute relieves IPRO of any

liability for performing its contracted functions, and Plaintiff has alleged no conduct on

the part of IPRO constituting gross negligence, recklessness, or intentional misconduct,

Plaintiff's claims against IPRO must be dismissed.

## III.  Specific Counts

### A.  Wrongful Involvement in Litigation (Count IV)

It is absurd for plaintiff to assert that IPRO's review of and concurrence with

MAMSI's denial of coverage somehow forced her to bring suit against MAMSI.  The

recommendations of independent review organizations such as IPRO are just that –

recommendations – and are not decisions or binding determinations.  The statute

authorizing the D.C. government to contract with outside entities to perform external

reviews explicitly states that "the decision of the independent review organization shall

be <u>nonbinding</u> on all parties and shall not affect any other legal causes of action."  D.C.

Stat. § 44-301.07(p) (emphasis added).  Thus, there is no basis for plaintiff's contention

that IPRO's recommendation that MAMSI's initial decision should be upheld somehow

forced MAMSI to affirm the denial, in turn forcing plaintiff to sue MAMSI.  MAMSI's

decision was independently and freely made, and Plaintiff has brought her claims against

MAMSI entirely of her own accord.  This count must therefore be dismissed.

### B.  Breach of Contract (Count V)

Plaintiff alleges in Count V that IPRO "breached its contract with the Department

of Health of the District of Columbia to the injury of plaintiff as an intended third-party

beneficiary of that contract."  Plaintiff, however, can point to no provision in the contract

between IPRO and the Department of Health that states that health plan beneficiaries are

intended third part beneficiaries.  Regardless of whether plaintiff is in fact an intended

beneficiary, the complaint does not allege that IPRO did not conduct its review in strict

accordance with the requirements of D.C. Stat. § 44-301.07 and its contract with the D.C.

Department of Health governed by that statute when it limited its review to those

documents submitted on or prior to May 18, 2005 (the date of the hearing conducted at

Plaintiff's request as part of the review process).

     As Plaintiff's Complaint acknowledges, the statute explicitly states that members

or insurers involved in an external review have the right "to submit supporting material

both <u>before and during</u> the hearing."  D.C. Stat. § 44-301.07(k)(2)(C) (emphasis added).

Plaintiff's claim is predicated on her unilateral amendment to that provision which adds

the phrase: "and after the hearing."  Compl. ¶26.  There is simply no such language.

     IPRO acted not only in conformity with the statute but in accordance with the

terms of its contract with D.C. governed by that statute.  That contract states the

following:

> In the event that the Contractor may, from time to time, request the
> Department of Health to make policy determinations or to issue operating
> guidelines required for proper performance of the contract, the Director,
> Department of Health, shall do so in a timely manner, and the Contractor
> shall be entitled to rely upon an act in accordance with such policy
> determinations and operating guidelines and <u>shall incur no liability in
> doing so</u> unless the Contractor acts negligently, maliciously, fraudulently,
> or in bad faith.

Contract No. POHC-2004-C-0001, Independent Review Organization, § C.4.2.1

(emphasis added) (attached hereto as Ex. B).  As conceded by Plaintiff in ¶ 31 of her

complaint, IPRO sought and received confirmation from the D.C. government that in fact

it should <u>not</u> consider plaintiff's late-filed material.  *See* Ex. C hereto, letter from T.

Giorgio, Senior Director, Corporate Programs, IPRO, to Patrick E. Kelly, Grievance and

Appeals Coordinator, Government of the District of Columbia, dated June 6, 2005.  As set forth in that letter, contrary to plaintiff's depiction of what occurred during the hearing, when plaintiff's counsel indicated that he would be submitting additional documents following the hearing, he was advised that this information <u>might not be considered</u> in IPRO's review.  This is quite different from plaintiff's representation that there was "no objection" to his stated intent to supplement the record.  Compl. ¶26. Plaintiff's breach of contract claim should be dismissed, as IPRO performed exactly as it was required to perform under its contract.

### C. Bad Faith (Count VI)

Based on the foregoing, plaintiff's bad faith claim must also fail.  IPRO's actions were entirely appropriate and were conducted in strict accordance with District of Columbia law and the terms of its contract with the D.C. Department of Health.  Plaintiff has failed to state with particularity the factual basis for her allegations that IPRO intentionally sought to harm her.  IPRO has at all times conformed to the legal requirements for external reviews, which requirements include that it should refrain from considering new materials that were not part of the record at the time of the hearing. IPRO considered all material that it was required and authorized to review in rendering its final recommendation.  As all actions taken by IPRO were in compliance with applicable statutory and contractual obligations, Plaintiff's bad faith claim must be dismissed.

WHEREFORE, based upon the foregoing, Defendant respectfully requests that Plaintiff's claims against IPRO be DISMISSED in their entirety.

Respectfully submitted,


_____/s/_____
Daly D.E. Temchine
**EPSTEIN BECKER & GREEN, PC**
1227 25th Street, NW
Washington, D.C. 20037
(202) 861-0900
*Attorney for Defendant IPRO*


Dated: February 6, 2006

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I caused a copy of the foregoing Motion to Dismiss and proposed Order  to be served on this 6th day of February, 2006 by electronic transmission on:

    J. Michael Hannon
    James F. Bromley
    1212 New York Avenue, NW
    Suite 1000
    Washington, DC  20005

    and by regular mail upon:

    Christopher Flynn
    King Pagano Harrison
    1730 Pennsylvania Avenue, N.W.
    Suite 900
    Washington, DC  20006

                            _____/s/_____
                            Grace Balian