## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____

|  |  |  |
|---|---|---|
| **JANE DOE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No.:  1:05CV02450 (ESH)** |
| | ) | |
| | ) | |
| **MAMSI LIFE AND HEALTH** | ) | |
| **INSURANCE COMPANY, et al.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

_____)

### ANSWER TO PLAINTIFF'S COMPLAINT

Defendant MAMSI Life and Health Insurance Company ("MLH") by and through counsel, King Pagano Harrison, respectfully submits the following Answer to Plaintiff's Complaint:

### I.

### ANSWER

1.    MLH admits the allegations contained in Paragraph 1 of Plaintiff's Complaint.

2.    MLH denies the allegations contained in Paragraph 2 of Plaintiff's Complaint. The allegations contained in Paragraph 2 constitute conclusions of law to which no answer is required or given.

3.    MLH denies the allegations contained in Paragraph 3 of Plaintiff's Complaint. The allegations contained in Paragraph 3 constitute conclusions of law to which no answer is required or given.

4.      MLH admits that Plaintiff was enrolled in the MLH Plan as a dependent on her father's health benefits policy.  MLH further admits that Plaintiff's benefits under the terms of the Plan are partially described in the MLH PPO Group Certificate Schedule 7J, a copy of which is attached to Plaintiff's Complaint as Exhibit C.  Except as so admitted, MLH denies the allegations contained in Paragraph 4 of Plaintiff's Complaint.

5.      MLH admits that it is empowered under the Group Contract to adopt reasonable policies, procedures, rules and interpretations to promote the orderly and efficient administration of the Group Contract.  Except as so admitted, MLH denies the remaining allegations contained in Paragraph 5 of Plaintiff's Complaint as they constitute conclusions of law to which no answer is required or given.

6.      MLH is without sufficient information to form a belief as to the truth or falsity of the allegations set forth in Paragraph 6 of Plaintiff's Complaint and therefore denies same.

7.      MLH denies the allegations contained in Paragraph 7 of Plaintiff's Complaint. The allegations contained in Paragraph 7 constitute conclusions of law to which no answer is required or given.

8.      MLH admits that it issued a Group Certificate to Plaintiff.  Except as so admitted, MLH denies the allegations contained in Paragraph 8 of Plaintiff's Complaint.

9.      MLH admits that Plaintiff's health benefits under her MLH policy were described in the Group Certificate, as well as the relevant riders, endorsements and amendments relating thereto.  A copy of the Group Certificate is attached as Exhibit C to Plaintiff's Complaint.  MLH further admits that Group Certificates, riders, endorsements and amendments describe coverage available to members of the health plan and describe the manner in which to request coverage

under the terms of the Group Policy.  Except as so admitted, MLH denies the remaining

allegations contained in Paragraph 9 of Plaintiff's Complaint.

10.    MLH denies the allegations set forth in Paragraph 10 of Plaintiff's Complaint.

11.    MLH avers that the language of the Group Certificate speaks for itself, and

otherwise denies the allegations contained in Paragraph 11 of Plaintiff's Complaint.

12.    MLH avers that it considers its Behavioral Health Department Psychiatric Level

of Care Criteria for Eating Disorders, among other things, when reviewing a request on clinical

grounds for coverage of benefits relating to the treatment of eating disorders.  MLH admits that a

copy of the Behavioral Health Department Psychiatric Level of Care Criteria for Eating

Disorders is attached to the Complaint as Exhibit B.  Except as so admitted, MLH denies the

remaining allegations contained in Paragraph 12 of Plaintiff's Complaint.

13.    MLH admits that "the Protocol" is not specifically mentioned in the Group Policy

or Group Certificate.  MLH denies the remaining allegations contained in Paragraph 13 of

Plaintiff's Complaint.

14.    MLH admits that it has received medical records from the Plaintiff relating to

services received from October 13, 2004 until November 8, 2004.  Except as so admitted, MLH

is without sufficient information to form a belief as to the truth or falsity of the remaining

allegations set forth in Paragraph 14 and therefore denies same.

15.    MLH is without sufficient information to form a belief as to the truth or falsity of

the allegations set forth in Paragraph 15 of Plaintiff's Complaint and therefore denies same.

16.    MLH admits that the medical records that it received reflect that the Plaintiff was

treated at River Oaks Hospital in New Orleans, Louisiana for bulimia nervosa.  Except as so

admitted, MLH is without knowledge as to the truth or falsity of the remaining allegations set forth in Paragraph 16 and therefore denies same.

17.     MLH avers that it has received medical records from Plaintiff reflecting that she received partial hospitalization services at River Oaks Hospital in New Orleans, Louisiana from November 9, 2004 until November 22, 2004 for the treatment of bulimia nervosa.  Except as so admitted, MLH states that it is without sufficient information to form a belief as to the truth or the falsity of the remaining allegations set forth in Paragraph 17 of Plaintiff's Complaint and therefore denies same.

18.     MLH denies the allegations contained in Paragraph 18 of Plaintiff's Complaint.

19.     MLH avers that it denied Plaintiff's request for coverage of inpatient services by letter dated October 14, 2004.  MLH further avers that it denied Plaintiff's request for coverage of partial hospitalization on November 11, 2004.  Those letters speak for themselves and MLH denies the remaining allegations contained in Paragraph 19 of Plaintiff's Complaint.

20.     MLH admits that it sent Plaintiff letters dated October 14, 2004 and December 2, 2004 explaining the bases for its first level and appeal denials of the request for coverage of inpatient services that Plaintiff received from October 13, 2004 to November 8, 2004.  Except as so admitted, MLH denies the remaining allegations contained in Paragraph 20 of Plaintiff's Complaint.

21.     MLH admits that it sent a letter to Plaintiff on or about November 11, 2004 denying a request for coverage for partial hospitalization services that began on November 9, 2004.

22.     MLH admits that Plaintiff sought independent external review from the Director of the District of Columbia Department of Health.  Except as so admitted, MLH is without

sufficient information to form a belief as to the truth or falsity of the remaining allegations set forth in Paragraph 22 of Plaintiff's Complaint and therefore denies same.

23.    MLH is without sufficient information to form a belief as to the truth or falsity of the allegations set forth in Paragraph 23 of Plaintiff's Complaint and therefore denies same.

24.    MLH admits that it submitted a letter dated March 9, 2005 advising the of the District of Columbia Department of Health of the grounds for denial of Plaintiff's claim for inpatient services from October 13, 2004 through November 8, 2004. Except as so admitted, MLH denies the remaining allegations contained in Paragraph 24 of Plaintiff's Complaint.

25.    MLH is without sufficient information to form a belief as to the truth or falsity of the allegations set forth in the first sentence of Paragraph 25 of Plaintiff's Complaint and therefore denies same. MLH also denies the remaining allegations contained in Paragraph 25 of Plaintiff's Complaint. The allegations contained in the remaining portions of Paragraph 25 constitute conclusions of law to which no answer is required or given.

26.    MLH denies the allegations contained in Paragraph 26 of Plaintiff's Complaint. The allegations contained in Paragraph 26 constitute conclusions of law to which no answer is required or given.

27.    MLH is without sufficient information to form a belief as to the truth or falsity of the allegations set forth in Paragraph 27 of Plaintiff's Complaint and therefore denies same.

28.    MLH is without sufficient information to form a belief as to the truth or falsity of the allegations set forth in Paragraph 28 of Plaintiff's Complaint and therefore denies same.

29.    MLH avers that it is in receipt of a letter from counsel for Plaintiff addressed to Terese Giorgio dated May 20, 2005. Except as so admitted, MLH is without sufficient

information to form a belief as to the truth or falsity of the allegations set forth in Paragraph 29 of Plaintiff's Complaint and therefore denies same.

30.    MLH denies that the District of Columbia Department of Health sent it a letter on or about May 26, 2005.  MLH admits, however, the remaining allegations set forth in Paragraph 30 of Plaintiff's Complaint.

31.    MLH is without sufficient information to form a belief as to the truth or falsity of the allegations set forth in Paragraph 31 of Plaintiff's Complaint and therefore denies same.

32.    MLH admits that it received a copy of a letter from counsel for the Plaintiff to Terese Giorgio dated June 3, 2005.  Except as so admitted, MLH states that it is without sufficient information to form a belief as to the truth or falsity of the remaining allegations set forth in Paragraph 32 of Plaintiff's Complaint and therefore denies same.

33.    MLH is without sufficient information to form a belief as to the truth or falsity of the allegations set forth in Paragraph 33 of Plaintiff's Complaint and therefore denies same.

**COUNT I**

**ERISA-MAMSI**
**29 U.S.C. § 1132 (a)(1)(B) – Claim for Benefits Due**

34.    MLH repeats the answers and averments of Paragraphs 1 through 33 for the purposes of answering Paragraph 34 of Plaintiff's Complaint.

35.    MLH denies the allegations contained in Paragraph 35 of Plaintiff's Complaint.

**Partial Hospitalization Services**

36.    MLH denies the allegations set forth in Paragraph 36 of Plaintiff's Complaint.

37.    MLH denies the allegations contained in Paragraph 37 of Plaintiff's Complaint.

38.     MLH denies the allegations contained in Paragraph 38 of Plaintiff's Complaint.

38.     MLH denies the allegations contained in the duplicate Paragraph 38 of Plaintiff's Complaint.

## Inpatient Services

39.     MLH denies the allegations contained in Paragraph 39 of Plaintiff's Complaint.

40.     MLH avers that "the Protocol" speaks for itself and otherwise denies the allegations contained in Paragraph 40 of Plaintiff's Complaint.

41.     MLH denies the allegations contained in Paragraph 41 of Plaintiff's Complaint.

42.     MLH avers that "the Protocol" speaks for itself and otherwise denies the allegations contained in Paragraph 42 of Plaintiff's Complaint.

43.     MLH denies the allegations contained in Paragraph 43 of Plaintiff's Complaint.

44.     MLH denies the allegations contained in Paragraph 44 of Plaintiff's Complaint.

45.     MLH avers that the language of "the Protocol" speaks for itself and otherwise denies the allegations contained in Paragraph 45 of Plaintiff's Complaint.

46.     MLH denies the allegations contained in Paragraph 46 of Plaintiff's Complaint.

47.     MLH denies the allegations contained in Paragraph 47 of Plaintiff's Complaint.

48.     MLH denies the allegations contained in Paragraph 48 of Plaintiff's Complaint.

49.     MLH denies the allegations contained in Paragraph 49 of Plaintiff's Complaint.

## COUNT II
### Breach of Contract – MAMSI

50.      MLH repeats the answers and averments of Paragraphs 1 through 49 for the purposes of answering Paragraph 50 of Plaintiff's Complaint.

51.      MLH does not address the allegations contained in Paragraph 51 because Plaintiff has voluntarily dismissed Count II of her Complaint.  To the extent that a response is required, MLH denies the allegations contained in Paragraph 51 of Plaintiff's Complaint.

52.      MLH does not address the allegations contained in Paragraph 52 because Plaintiff has voluntarily dismissed Count II of her Complaint.  To the extent that a response is required, MLH denies the allegations contained in Paragraph 52 of Plaintiff's Complaint.

## COUNT III
### Bad Faith – MAMSI

53.      MLH repeats the answers and averments of Paragraphs 1 through 52 for the purposes of answering Paragraph 53 of Plaintiff's Complaint.

54.      MLH does not address the allegations contained in Paragraph 54 because Plaintiff has voluntarily dismissed Count III of the Complaint.  To the extent that a response is required, MLH denies the allegations contained in Paragraph 54 of Plaintiff's Complaint.

## COUNT IV
### Wrongful Involvement in Litigation – IPRO

55.      MLH repeats the answers and averments of Paragraphs 1 through 54 for the purposes of answering Paragraph 55 of Plaintiff's Complaint.

56.    The allegations contained in Paragraph 56 are not directed to MLH. To the extent that the Court determines that the allegations in Paragraph 56 are directed to MLH, MLH denies the allegations contained in Paragraph 56 of Plaintiff's Complaint.

**COUNT V**
**Breach of Contract – Defendant IPRO**

57.    MLH repeats the answers and averments of Paragraphs 1 through 56 for the purposes of answering Paragraph 57 of Plaintiff's Complaint.

58.    The allegations contained in Paragraph 58 are not directed to MLH. To the extent that the Court determines that the allegations in Paragraph 58 are directed to MLH, MLH denies the allegations contained in Paragraph 58 of Plaintiff's Complaint.

59.    The allegations contained in Paragraph 59 are not directed to MLH. To the extent that the Court determines that the allegations in Paragraph 59 are directed to MLH, MLH denies the allegations contained in Paragraph 59 of Plaintiff's Complaint.

60.    The allegations contained in Paragraph 60 are not directed to MLH. To the extent that the Court determines that the allegations in Paragraph 60 are directed to MLH, MLH denies the allegations contained in Paragraph 60 of Plaintiff's Complaint.

61.    The allegations contained in Paragraph 61 are not directed to MLH. To the extent that the Court determines that the allegations in Paragraph 61 are directed to MLH, MLH denies the allegations contained in Paragraph 61 of Plaintiff's Complaint.

## COUNT VI
### Bad Faith – IPRO

62.     MLH repeats the answers and averments of Paragraphs 1 through 61 for the purposes of answering Paragraph 62 of Plaintiff's Complaint.

63.     The allegations contained in Paragraph 63 are not directed to MLH.  To the extent that the Court determines that the allegations in Paragraph 63 are directed to MLH, MLH denies the allegations contained in Paragraph 63 of Plaintiff's Complaint.

64.     MLH denies the allegations contained in the WHEREFORE clause of Plaintiff's Complaint.

65.     MLH denies each and every allegation contained in Plaintiff's Complaint that has not been expressly admitted or denied.

## II.

### AFFIRMATIVE DEFENSES

### First Affirmative Defense

66.     The Plaintiff has failed to exhaust her administrative remedies as required by ERISA, 29 U.S.C. §§ 1001 et seq.

### Second Affirmative Defense

67.     The Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### Third Affirmative Defense

68.    Plaintiff is barred from obtaining the relief sought against MLH under the doctrines of waiver, estoppel, unclean hands and laches.

### Fourth Affirmative Defense

69.    This action and/or any relief sought by Plaintiff is barred, in whole or in part, because Plaintiff's alleged interpretation of the Group Agreement and the MLH Group Certificate would render such contracts void, voidable, or subject to rescission as a result of: (a) no meeting of the minds; (b) failure of consideration; (c) mistake of fact; (d) mistake of law; (e) mutual mistake; (f) misrepresentation; and (g) commercial impracticability.

### III.

### REQUEST FOR RELIEF

WHEREFORE, Defendant MLH respectfully requests that (1) Plaintiff's action be dismissed with prejudice and that all relief prayed for therein be denied; (2) that MLH recover its taxable costs and attorney's fees incurred herein; and (3) that MLH be awarded such other and further relief as this Court may deem just and proper.

11

Respectfully submitted,

_____

Christopher Flynn, Esq., Bar No. 446235
KING PAGANO HARRISON
1730 Pennsylvania Avenue, NW
Suite 900
Washington, DC  20006

Counsel for Defendant MAMSI Life and Health
Insurance Company

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify under penalty of perjury that on this 7th day of February 2006, the foregoing ANSWER TO PLAINTIFF'S COMPLAINT was delivered via facsimile and first class mail to the following:

J. Michael Hannon, Esq.
James F. Bromley, Esq.
THOMPSON O'DONNELL, LLP
1212 New York Avenue, NW
Suite 1000
Washington, DC 20005
(202) 289-1133

Counsel for Plaintiff


Constance Wilkinson, Esq.
EPSTEIN BECKER GREEN, P.C.
1227 25th Street, NW
Suite 700
Washington, DC 20037-1156
(202) 861-0900

Counsel for Defendant IPRO


_____
Jessica L. Aho

77748