UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JANE DOE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| MAMSI LIFE AND HEALTH ) | CASE NO. 1:05CV02450 (ESH) |
| INSURANCE COMPANY, ) | |
| 4 Taft Court ) | |
| Rockville MD  20850 ) | |
| ) | |
| And ) | |
| ) | |
| IPRO NATIONAL MEDICAL ) | |
| REVIEW, LTD. ) | |
| 1979 Marcus Avenue ) | |
| Lake Success NY  11042 ) | |
| ) | |
| Defendants. ) | |

**REPLY MEMORANDUM IN FURTHER SUPPORT
OF DEFENDANT IPRO'S MOTION TO DISMISS**

Defendant IPRO hereby responds to the Opposition to its Motion to Dismiss filed by Plaintiff on February 17, 2006.  Plaintiff's Opposition fails to demonstrate that she has pled any claims for which relief can be granted.

**I.  Plaintiff Has Sued the Wrong Entity**

Plaintiff concedes that she has sued the wrong entity.  (Pl.'s Opp'n 1.)  For that reason alone, all of Plaintiff's claims against IPRO National Medical Review, Ltd. must be dismissed with prejudice.  Even if Plaintiff were to re-plead the claims in her

Complaint against the correct IPRO entity, they still fail to state a viable cause of action for the reasons set forth below.

## II. IPRO is Immune

Plaintiff's Opposition does not refute the proposition that the statute creating a mechanism for independent external appeals of health plan decisions, and authorizing the D.C. government to contract with private entities to perform these reviews, grants immunity to a review organization for its recommendations. D.C. Stat. § 44-301.08(h). There is nothing in Plaintiff's Opposition pointing to any allegations in the Complaint that state a claim for "negligence, recklessness, or intentional misconduct," the only grounds for abrogating IPRO's statutorily-prescribed immunity.[1]

Critically, the Opposition fails to identify where in the Complaint there are allegations that IPRO acted in any way other than in strict accordance with both its contract with the District of Columbia and the statute governing that contract. The statute clearly provides that information submitted after a hearing may not be considered by an independent review organization in formulating its recommendation. D.C. Stat. § 44-301.07(k)(2)(C). IPRO's contract with D.C. states that IPRO may rely upon guidance received from the D.C. Department of Health. Contract No. POHC-2004-C-0001, Independent Review Organization, § C.4.2.1 (attached to Defendant's Motion to Dismiss as Exhibit B). IPRO sought such guidance in this case and followed it. The Complaint does not allege any actions by IPRO that are inconsistent with these controlling mandates. The opinion expressed in the Opposition that these procedures somehow

---

[1] Plaintiff has made only a specious argument that the immunity provision in the statute protects a recommendation but not the process undertaken to develop that recommendation. (Pl.'s Opp'n 2.)

depart from the "appropriate role of a health care agency" is inconsequential, as it is not an allegation that IPRO deviated from the controlling legal criteria. (Pl.'s Opp'n 2.)

Plaintiff's allegations of bad faith are essentially subsumed within her claim that IPRO cannot avail itself of the statutorily-provided immunity. As noted, immunity attaches unless a review organization has engaged in "negligence, recklessness, or intentional misconduct," which would encompass bad faith. However Plaintiff's inability to point to any conduct on the part of IPRO that deviated in any way from its legal and contractual obligations means that both her bad faith and "no immunity" claims must fail.

While Federal Rule of Civil Procedure 9(b) allows a party to plead certain claims such as bad faith with generality, a party must at least state a colorable claim, which Plaintiff here has not done. "To be sure, there is no heightened pleading standard for bad faith. *Cf.* Fed. R. Civ. P. 9(b). Nevertheless, a plaintiff must at least be able to articulate what the bias or animus is that constitutes the claimed 'bad faith.'" *Schreibman v. Holmes*, 1999 U.S. App. LEXIS 25159 (D.C. Cir. 1999); *see also Lucking v. Delano*, 122 F.2d 21 (D.C. Cir. 1941) (must have well pleaded facts in complaint to sustain claim of bad faith).

Plaintiff suggests two bases for her bad faith claim.[2] The first is that IPRO refused to consider the documents filed by her counsel after the deadline "without justification." As has been amply demonstrated above, IPRO's actions were both "justified" and <u>required</u>, both by statute and by specific directive from a Department of Health official. The second supposed basis for this bad faith claim is that IPRO "improperly analyzed" the documents that it did review. Again, the lack of a particularity

---

[2] Remarkably, Plaintiff also argues that IPRO's "unquestioning acceptance of the Department's rule" in and of itself constitutes actionable bad faith. (Pl.'s Opp'n 6, n.2.) This bizarre contention requires no response.

requirement does not allow a plaintiff to make single-sentence allegations that amount to nothing more than conclusions of law. Plaintiff's allegation that IPRO "improperly analyzed" the record does not even meet the requirements of notice pleading under Fed. R. Civ. P. 8(a)(2), which requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." This statement must "giv[e] the defendant fair notice of the claim and the grounds upon which it rests." *Kingman Park Civic Ass'n v. Williams*, 348 F.3d 1033, 1040 (D.C. Cir. 2003) (emphasis added). Plaintiff has failed to meet this standard.

In sum, IPRO is immune from liability for all conduct alleged in Plaintiff's complaint unless Plaintiff can make a viable claim of intentional misconduct. IPRO has engaged in no misconduct whatsoever, acting in strict compliance with its statutory and contractual obligations. Plaintiff has alleged nothing to the contrary. Thus, in addition to having sued the wrong entity, Plaintiff has alleged no facts that would allow this Court to abrogate IPRO's immunity. For these reasons IPRO must be dismissed as a defendant in this action.

### III. Plaintiff's Remaining Claims

Although the foregoing provides more than ample grounds for dismissal, IPRO will briefly address some of the more egregious of the many factual and legal misstatements in Plaintiff's Opposition.

#### A. Plaintiff Has Failed to State a Claim for Wrongful Involvement in Litigation

Plaintiff offers nothing in her Opposition to counter the legal reality that IPRO has absolutely no authority or capacity to compel any action by any party on the basis of the recommendations it makes, which, by law, are non-binding. D.C. Stat. § 44-

301.07(p). Whether IPRO's recommendation did or did not influence MAMSI's decision to uphold its denial is entirely irrelevant because, under the applicable law, MAMSI had the sole authority and discretion to do what it thought was right. In these undisputed circumstances, Plaintiff cannot state a viable claim for wrongful involvement in litigation. Moreover, Plaintiff bases her "wrongful involvement in litigation" count on a speculative and hypothetical outcome – that if IPRO had considered the late-filed material, it would have issued a recommendation favorable to the Plaintiff - and it must fail for this additional reason as well.

### B. Plaintiff Has Failed to State a Claim for Breach of Contract

#### i. Plaintiff Is Not a Contract Third-Party Beneficiary

Plaintiff's Opposition does not point to any provision in the contract between IPRO and the D.C. Department of Health to the effect that health plan beneficiaries are intended third-party beneficiaries of that contract; in fact, there is no such provision. She cites to nothing more than the title of the legislation providing for independent external reviews to support that argument. The single case cited by Plaintiff, contrary to the impression attempted to be created by the selective quotation provided in the Opposition, supports IPRO's argument that third-party beneficiary status cannot be presumed, but must be explicitly conferred in the contract. The relevant passage, presented in its entirety, is as follows:

> A third-party beneficiary need not be named in a contract to have rights pursuant to it. *See R.A. Weaver[& Assocs. V. Haas & Hayne Corp.]*, 663 F.2d [168,] 175 [(D.C. Cir. 1980)]. However, the parties to a contract must "directly and unequivocally intend to benefit a third party in order for that third party to be considered an intended beneficiary." *Barnstead Broadcasting Corp. v. Offshore Broadcasting Corp.*, 886 F. Supp. 874, 879 (D.D.C. 1995). A mere awareness that a third party may derive a

> benefit from a promissor's performance under a contract is insufficient to elevate the third party to the status of an intended beneficiary. *See id.* at 880.

*Nortel Networks, Inc. v. Gold & Appel Transfer, S.A.*, 298 F. Supp. 2d 81, 89-90 (D.D.C. 2004) (emphasis added). Ample controlling authority holds that third-party beneficiary status must be explicitly granted. *See*, *e.g.*, *Barnstead Broad. Corp. v. Offshore Broad. Corp.*, 886 F. Supp. 874, 879 (D.D.C. 1995) ("Incidental third party beneficiaries of a contract do not have a right to recover on the contract in the event of a breach.") (quoting Restatement (Second) of Contracts § 302 cmt. e (1981)). When it comes to contracts involving governmental units, as is the case here, the presumption of third-party beneficiary status is even weaker. *See* Restatement (Second) of Contracts § 313 (1981).[3]

### ii. Plaintiff Cites No Contractual Provisions That Were Allegedly Breached

The most striking aspect of Plaintiff's "breach of contract" allegations is that they make virtually no reference to the contract. Nowhere in her Complaint does Plaintiff point to a single provision in the contract between IPRO and the District of Columbia that IPRO allegedly breached.[4] Rather, Plaintiff's discussion under the heading "Compliance with the Contract" primarily recounts what supposedly transpired during and after the

---

[3] "In particular, a promisor who contracts with a government or governmental agency to do an act for or render a service to the public is not subject to contractual liability to a member of the public for consequential damages resulting from performance or failure to perform unless: (a) the terms of the promise provide for such liability; or (b) the promisee is subject to liability to the member of the public for the damages and a direct action against the promisor is consistent with the terms of the contract and with the policy of the law authorizing the contract and prescribing remedies for its breach." *Id.* IPRO's contract with the District of Columbia does not meet either of these conditions.

[4] In her Opposition Plaintiff references the contractual provision granting IPRO additional immunity beyond that granted by the statute, pointing to its carve-out for a contractor acting "negligently, maliciously, fraudulently, or in bad faith." (Pl.'s Opp'n 8, n.3.) IPRO has addressed Plaintiff's baseless bad faith argument above. Plaintiff points to no other contractual provision governing the substance of how IPRO is to conduct its reviews that IPRO has allegedly breached.

review hearing, and offers up utterly implausible interpretations of the D.C. Code.[5] (Pl.'s Opp'n 5-9.) Nowhere is the <u>actual contract</u> discussed. Not only must these claims be dismissed because Plaintiff is not a party to this contract, and therefore has no standing to sue for breach, but also because, by failing to state a single contractual obligation that IPRO has allegedly breached, Plaintiff has failed to state any claim for breach of contract. This count must therefore be dismissed.

### IV. IPRO's Exhibits to Its Motion to Dismiss Were Proper

Plaintiff alleges that the exhibits to IPRO's Motion to Dismiss "import matter outside the pleadings." (Pl'n Opp. 4.) This, however, is nothing more than a ruse to try to exclude material that demonstrates the fatal flaws in Plaintiff's case. The exhibits directly addressed allegations made by Plaintiff in her Complaint, and thus were properly submitted with IPRO's Motion to Dismiss. Exhibit A makes clear that IPRO, Inc., and not IPRO National Medical Review, Ltd., was the entity that rendered a recommendation in Plaintiff's case. As Plaintiff had named the wrong entity in her complaint, this exhibit was entirely proper to demonstrate that Plaintiff's claims must be dismissed as to IPRO National Medical Review, Ltd. Exhibit B comprised selected pages from IPRO's contract with D.C., which contract Plaintiff references in her Complaint in alleging that IPRO breached it. Thus it is absurd for Plaintiff to contend that this document is "outside the pleadings." Finally Exhibit C, a letter from IPRO to the D.C. Department of Health, directly addresses the statement made by Plaintiff in paragraph 31 of her Complaint, in which Plaintiff alleges that IPRO had informed her counsel that it was instructed by the

---

[5] Plaintiff's "aside" on page 5 of her opposition that IPRO's rationale – that it relied upon a directive from the D.C. Department of Health in not considering Plaintiff's late-filed documents – "was NEVER shared with plaintiff's attorney until IPRO filed this Motion to Dismiss" is disingenuous. Plaintiff addressed this rationale right in her Complaint, at paragraph 31.

D.C. Department of Health not to consider the late-filed documents in its review. Exhibit C simply confirms this fact and does not attempt to controvert a factual allegation in the Complaint.

As all of the exhibits submitted by IPRO with its Motion to Dismiss directly addressed allegations made by Plaintiff in her Complaint, they were entirely proper. *See* 2 Moore's Federal Practice 3d, § 12.34[2] (Court considering 12(b)(6) motion may consider "undisputed documents alleged or referenced in the complaint"); *Young v. Lepone*, 305 F.3d 1, 11 (1st Cir. 2002) (when factual allegations of complaint revolve around document whose authenticity is unchallenged, document effectively merges into the pleadings); *Parrino v. FHP, Inc*., 146 F.3d 699, 706 (9th Cir. 1998) (holding that in ruling on 12(b)(6) motion court may consider document not explicitly incorporated in complaint and not attached to complaint, but authenticity of which is not questioned and on which complaint necessarily relies); *Cortec Indus. v. Sum Holding, L.P*., 949 F.2d 42, 47 (2d Cir. 1991) (if plaintiff's claims are predicted on a document, defendant may attach document to 12(b)(6) motion even if plaintiff's complaint does not explicitly refer to it). IPRO's motion should therefore not be treated as a motion for summary judgment but rather, as it was pled, as a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Should this Court deem that any of IPRO's exhibits import matters outside the pleadings, IPRO requests that they be excluded and that its motion be considered on its face.

## V.  Conclusion

Plaintiff has alleged nothing in her complaint that states a claim for which any relief can be granted by this Court. A complaint must be dismissed if "plaintiffs can

prove no set of facts in support of their claim which would entitle them to relief." *Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994). All of Plaintiff's claims depend on the proposition that IPRO is subject to a duty, either statutory or contractual, to accept documents and evidence after her hearing had closed that she had failed to submit during or prior to her hearing. But, as has been conclusively demonstrated, IPRO was not subject to any such duty under either the statute or its contract. In any event, IPRO is immune from any liability in connection with the recommendation it made to MAMSI.

For the foregoing reasons Defendant respectfully requests that Plaintiff's claims against IPRO be dismissed in their entirety.

**Respectfully submitted,**

_____/s/_____
Daly D.E. Temchine
**EPSTEIN BECKER & GREEN, PC**
1227 25th Street, NW
Washington, D.C. 20037
(202) 861-0900
*Attorney for Defendant IPRO*

Dated: February 27, 2006

**CERTIFICATE OF SERVICE**

      I hereby certify that I caused a copy of the foregoing Reply Memorandum in Further Support of Defendant IPRO's Motion to Dismiss to be served on this 27th day of February, 2006 by electronic transmission on:


J. Michael Hannon
James F. Bromley
1212 New York Avenue, NW
Suite 1000
Washington, DC  20005

Christopher Flynn
King Pagano Harrison
1730 Pennsylvania Avenue, N.W.
Suite 900
Washington, DC  20006


                                                     /s/
                                       Grace Balian