UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JANE DOE, | ) <br> ) |
| Plaintiff, | ) <br> ) |
| v. | ) Case No.:1:05CV02450 (ESH) <br> ) |
| MAMSI LIFE AND HEALTH INSURANCE COMPANY, et al., | ) <br> ) <br> ) |
| Defendant. | ) <br> ) |

## LCvR 16.3 CONFERENCE REPORT

In accordance with Local Rule 16.3, Plaintiff Jane Doe ("Plaintiff"), Defendant MAMSI Life and Health Insurance Co. ("MLH"), and Defendant IPRO ("IPRO"), through counsel, respectfully submit this report of their conference held on March 10, 2006.

## STATEMENT OF THE CASE

This case involves claims for benefits under an employee group health plan governed by ERISA. Plaintiff refers the Court to her narrative Complaint for the details of her position. Plaintiff alleges that her claims for inpatient services and for partial hospitalization related to her treatment for bulimia nervosa were denied improperly. MLH denied the claim for inpatient hospitalization based on its assessment and the assessment of independent consultants that inpatient treatment was not medically necessary. MLH denied a separate claim for partial hospitalization because Plaintiff had not obtained the required preadmission authorization prior to embarking on this course of treatment.

Following an appeal of the denial of the inpatient claim, Plaintiff sought review of

MLH's decisions pursuant to the Health Benefits Plan Members Bill of Rights Act of 1998, D.C. § 44-301.01 *et seq*. Pursuant to the Act, the Director of the District of Columbia Department of Health appointed an independent review organization, IPRO, to conduct an independent external review of MLH's coverage decisions. Following a hearing, the Department of Health upheld MAMSI's decisions denying benefits. Plaintiff contends that IPRO inappropriately refused to consider materials submitted after the hearing was held.

Plaintiff subsequently filed this action against MLH and IPRO, alleging a claim for benefits under ERISA, breach of contract, bad faith, and wrongful involvement in litigation. In addition, MLH contends that, as an administrator of a benefits plan under ERISA with discretion to interpret the plan, any review of its decision must be under the deferential arbitrary and capricious standard of review. Plaintiff's claim under ERISA for denial of the partial hospitalization claim is barred because Plaintiff did not exhaust her administrative remedies prior to filing this action. IPRO has filed a motion to dismiss the complaint, arguing *inter alia*, that under the Health Benefits Plan Members Bill of Rights Act, it is immune from liability. The motion to dismiss is now pending before the Court.

1.   **Whether the case is likely to be disposed of by dispositive motion; and whether, if a dispositive motion has already been filed, the parties should recommend to the court that discovery or other matters should await a decision on the motion.**

MLH and IPRO believe that the case is likely to be disposed of by dispositive motion. IPRO's motion to dismiss is fully briefed and is pending before the Court. Likewise, MLH intends to file a motion for summary judgment. IPRO believes that discovery should not be initiated as to the claims against it until after the disposition of its Motion to Dismiss. Oral argument on that motion is scheduled to occur on March 21, 2006.

Plaintiff does not agree that the case is likely to be disposed of by dispositive motion.

2

2.      **The date by which any other parties shall be joined or the pleadings amended, and whether some or all the factual and legal issues can be agreed upon or narrowed.**

The parties do not anticipate that additional parties will be joined or that pleadings will need to be amended. Plaintiff and IPRO agree that, in the event that the Court denies IPRO's motion to dismiss, IPRO will stipulate to an amendment of the pleadings to correct the misnomer in the identity of the IPRO Defendant. The parties agree to work together to narrow the factual and legal issues as appropriate.

3.      **Whether the case should be assigned to a magistrate judge for all purposes, including trial.**

The parties do not consent to having a magistrate judge assigned for all purposes in this case.

4.      **Whether there is a realistic possibility of settling the case.**

Plaintiff made a settlement offer at the conference. At this time, however, the parties do not believe there is a realistic possibility of settling this case.

5.      **Whether the case could benefit from the Court's alternative dispute resolution (ADR) procedures (or some other form of ADR); what related steps should be taken to facilitate such ADR; and whether counsel have discussed ADR and their response to this provision with their clients.**

During the conference, the parties discussed ADR and whether they believe it could lead to the resolution of this case. IPRO and MLH believe that ADR is unnecessary because the case is likely to be resolved by dispositive motion. Moreover, IPRO and MLH do not believe that ADR would be beneficial in this case. Plaintiff believes there are issues precluding resolution by dispositive motion and that ADR could be beneficial. Plaintiff further believes that ADR would be beneficial because it would expose Defendants' principals to a discussion of the merits of her

3

case.

6. **Whether the case can be resolved by summary judgment or motion to dismiss; dates for filing dispositive motions and/or cross-motions, oppositions, and replies; and proposed dates for a decision on the motions.**

IPRO and MLH believe the case should be resolved by summary judgment or motion to dismiss. Plaintiff does not agree that the case will be resolved by summary judgment or motion to dismiss. IPRO's motion to dismiss is already fully briefed. The parties agree that summary judgment motions should be filed not later than thirty (30) days after the close of discovery and that the response and reply brief schedule should be consistent with LCvR 7.

7. **Whether the parties should stipulate to dispense with the initial disclosures required by Rule 26(a)(1), F.R.Civ.P., and if not, what if any changes should be made in the scope, form or timing of those disclosures.**

MLH's position is that the parties should dispense with the initial disclosures required by Rule 26(a)(1) due to the fact that the scope of discovery in an ERISA action is in most cases limited to the record before the plan administrator. See Fitts v. Federal National Mortgage Association, 204 F.R.D. 1, 4 (D.D.C. 2001) ("The scope of discovery in ERISA cases permitted is simply not the same as the discovery permitted by Fed. R. Civ. P. 26(c)."); Quesinberry v. Life Ins. Co. of N. Am., 987 F.2d 1017, 1025 (4th Cir. 1993) (recognizing that in most cases the court looks only to the information before the benefits administrator); Perlman v. Swiss Bank Corp., 195 F.3d 975, 982 (7th Cir. 2000) ("… judicial review is limited to the evidence that was submitted in support of the application for benefits, and the mental processes of the plan's administrator are not legitimate grounds of inquiry…."); Vega v. Nat'l Life Insurance Services, Inc., 188 F.3d 287, 299 (5th Cir. 1999) (en banc) (with limited exceptions discovery in an ERISA action seeking judicial review of a denial of benefits is restricted to consideration of the

4

administrative record); Lee v. Blue Cross/Blue Shield of Alabama, 10 F.3d 1547, 1550 (11th Cir. 1994) (court limited review to "only… the facts known to the administrator at the time the decision was made…."); Peltzer v. Life Ins. Co. of N. Am., 2002 U.S. Dist. LEXIS 14876, at *2 (N.D. Ill. Aug. 13, 2002) (denying plaintiff's motion to compel defendant to produce for deposition the employees who made the decision to deny benefits); Panther v. Synthes (U.S.A.), 371 F. Supp. 2d 1267, 1276 (D. Kan. 2005) (denying motion to compel where plaintiff failed to show exception circumstances warranting discovery beyond administrative record).

Plaintiff's position is that the parties should proceed with initial disclosures.

**8.     The anticipated extent of discovery, how long discovery should take, what limits should be placed on discovery; whether a protective order is appropriate; and a date for the completion of all discovery, including answers to interrogatories, document production, requests for admissions, and depositions.**

IPRO and MLH believe that discovery should take no longer than three (3) months. Plaintiff believes that six (6) months is required to complete discovery. Plaintiff's counsel is unavailable for any substantive discovery in this case until April 24, 2006, due to a criminal case scheduled for April 6, 2006. Plaintiff's counsel is also unavailable during the month of August. MLH takes the position that, in an ERISA action such as this one, discovery is limited to the materials that were before the plan administrator at the time the coverage decision was made. See Fitts, Quesinberry, and Panther, *supra*. Plaintiff's position is that the parties should be allowed to proceed with written discovery requests and depositions.

The parties agree that a protective order is appropriate to ensure that the protected health information of the Plaintiff is not disclosed. Counsel for Plaintiff has agreed to circulate a draft of the protective order to counsel of record.

9. **Whether the requirement of exchange of expert witness reports and information pursuant to Rule 26(a)(2), F.R.Civ.P., should be modified, and whether and when depositions of experts should occur.**

   IPRO and MLH contend that expert witness testimony is beyond the scope of discovery in this ERISA action; thus, this information need not be exchanged nor should expert witness depositions occur. See Fitts, Quesinberry, and Panther, *supra*. Plaintiff's position is that the exchange of information pursuant to Rule 26(a)(2) should not be modified.

10. **In class actions, appropriate procedures for dealing with Rule 23 proceedings, including the need for discovery and the timing thereof, dates for filing a Rule 23 motion, and opposition and reply, and for oral argument and/or an evidentiary hearing on the motion and a proposed date for decision.**

    This action is not a class action.

11. **Whether the trial and/or discovery should be bifurcated or managed in phases, and a specific proposal for such bifurcation.**

    IPRO and MLH do not believe that the proceedings should be bifurcated. Plaintiff's position is that the usual bifurcation procedures should be followed with respect to the punitive damages claim against IPRO.

12. **The date for the pretrial conference (understanding that a trial will take place 30 to 60 days thereafter).**

    The parties believe that this date should be determined based on the discovery and dispositive motion deadlines.

13. **Whether the Court should set a firm trial date at the first scheduling conference or should provide that a trial date will be set at the pretrial conference from 30 to 60 days after that conference.**

    IPRO and MLH believe that the Court should set the trial date at the pretrial conference.

Plaintiff would like to set a trial date now.

14. **Such other matters that the parties believe may be appropriate for inclusion in a scheduling order.**

    The parties do not have additional matters for inclusion in the scheduling order.


Respectfully submitted,


| | |
|---|---|
| /s/ Christopher Flynn | /s/ J. Michael Hannon |
| Christopher Flynn, Esq. | J. Michael Hannon, Esq. |
| KING PAGANO HARRISON | THOMPSON O'DONNELL, LLP |
| 1730 Pennsylvania Avenue, NW | 1212 New York Avenue, NW |
| Suite 900 | Suite 1000 |
| Washington, DC  20006 | Washington, DC  20005 |
| | |
| Counsel for Defendant MLH | Counsel for Plaintiff Jane Doe |


/s/ Daly D.E. Temchine
Daly D.E. Temchine, Esq.
EPSTEIN BECKER & GREEN, P.C.
1227 25th Street, NW
Suite 700
Washington, DC  20037-1156

Counsel for Defendant IPRO