UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JANE DOE, | : |
|     Plaintiff, | : |
| |   CASE NO. 1:05cv02450 (ESH) |
| v. | : |
| MAMSI LIFE AND HEALTH INSURANCE COMPANY, et al., | : |
| | : |
|     Defendants. | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN
OPPOSITION TO DEFENDANT IPRO'S MOTION FOR ENTRY
OF JUDGMENT OR DISMISSAL WITH PREJUDICE**

Plaintiff Jane Doe, by her undersigned counsel, herewith opposes IPRO's Motion for Entry of Judgment or Dismissal with Prejudice.

Plaintiff sued IPRO in a Complaint which included as to IPRO Count IV for Wrongful Involvement in Litigation, Count V for Breach of Contract, and Count VI for Bad Faith. IPRO filed a motion to dismiss. On March 21, 2006, the Court granted the motion to dismiss as to Counts IV and V, and reserved ruling on Count VI for Bad Faith.

At the March 21, 2006, hearing on the motion, the Court suggested and IPRO agreed to undertake a review of the materials previously proffered by Plaintiff for IPRO's consideration which had not been a part of IPRO's initial review. It was IPRO's failure to consider these materials which caused Plaintiff to file her law suit in the first instance.

IPRO asserts that is has now completed its review of these materials and issued an "updated recommendation" that confirms the prior rejection of Plaintiff's claim for coverage. Based on that "re-review", IPRO now has filed a one page motion for entry of judgment of dismissal with prejudice as to Count VI for Bad Faith. The motion should be denied.

There is no evidence in the IPRO Recommendation of April 20, 2006, that its reviewers were provided with the information contained in a telephone conference that counsel and Plaintiff's treating therapist had with the IPRO reviewers for the initial review.  Moreover, simply "re-reviewing" the record does not moot Plaintiff's claim of Bad Faith against IPRO.  Plaintiff was still required to file this lawsuit in order to obtain a full review of the record by IPRO.  Plaintiff was damaged by IPRO's bad faith in having to expend resources and funds to bring this lawsuit.  In addition, MAMSI apparently has not yet acted upon the recommendation of IPRO.

The Court has set an Initial Scheduling Conference for June 6, 2006.  No discovery has taken place, and Plaintiff may well prevail in her claim that denial of her benefits was wrongful under ERISA.  Under the circumstances, it is premature to consider a second motion to dismiss by IPRO.

WHEREFORE, plaintiff submits that IPRO's Motion for Entry of Judgment must be denied.

    Respectfully submitted,

    HANNON LAW GROUP, LLP

    *//s// J. Michael Hannon*
    J. Michael Hannon #352536
    1901 18th Street, N.W.
    Washington, D.C.  20009
    (202) 232-1907
    (202) 232-3704 Facsimile

**CERTIFICATE OF SERVICE**

  I HEREBY CERTIFY that a copy of the foregoing Opposition to Motion for Entry of Judgment and Dismissal with Prejudice, together with form of Order, was sent via electronic filing this 8th day of May, 2006, to:

Julianna S. Gonen, Esq.
Daly D.E. Temchine, Esq.
Epstein Becker & Green, PC
1227 25th Street, N.W.
Washington, D.C. 20037

Christopher Flynn, Esq.
King Pagano Harrison
1730 Pennsylvania Avenue, N.W.
Suite 900
Washington, D.C. 20006.

              *//s// J. Michael Hannon*
              J. Michael Hannon