UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JANE DOE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| MAMSI LIFE AND HEALTH ) | CASE NO. 05-2450 (ESH) |
| INSURANCE COMPANY, *et al*., ) | |
| ) | |
| Defendants. ) | |
| ) | |

**DEFENDANT IPRO'S REPLY IN FURTHER SUPPORT OF ITS MOTION FOR ENTRY OF JUDGMENT OF DISMISSAL WITH PREJUDICE**

Plaintiff continues to press her "bad faith" claim against IPRO despite the lack of any support in the record for such claim. For the reasons stated herein and in its Motion for Entry of Judgment of Dismissal With Prejudice, IPRO respectfully requests that its Motion be granted.

When Plaintiff filed the Complaint in this matter, her sole allegation regarding IPRO was that IPRO failed to consider the documents submitted to it by her counsel after the conclusion of the May 18, 2005 hearing. *See* Amended Complaint, ¶ 63 ("By refusing without justification to consider the documents plaintiff submitted and by improperly analyzing the records and documentation it did consider, IPRO conducted its review in bad faith with a calculated and wrongful intention to cause harm to plaintiff") (emphasis added). For the first time, in her Opposition to IPRO's renewed Motion to Dismiss, Plaintiff argues that IPRO's motion should be denied because IPRO did not

- 1 -

provide its reviewers with information regarding dialogue that occurred during the telephonic hearing (which her Opposition refers to as a "telephone conference that counsel and Plaintiff's treating therapist had with the IPRO reviewers for the initial review"). This argument should be rejected. First, Plaintiff only makes this allegation for the first time in her Opposition and did not plead it in her Complaint. In her Complaint, she claimed that IPRO's failure to review the late-filed <u>documents</u> was the basis for her suit, not the failure to include some unspecified "information" contained in the telephonic hearing.

Second, both IPRO reviewers had the benefit of the testimony in question. One of the IPRO reviewers was present during the hearing and thus had the benefit of hearing at first hand the testimony in question. During IPRO's recent re-review of the record as requested by this Court, both reviewers (the same two individuals that conducted the initial review) considered a summary of the testimony in question that had been prepared by Plaintiff's counsel. When Plaintiff's counsel sought to submit additional records for IPRO's consideration following the May 18, 2005 hearing (despite the statutory prohibition on IPRO's considering such late-filed material), he included in his cover letter an extensive summary of the hearing testimony presented by one of Plaintiff's treating providers, Mary Stock, PhD. Thus, at a minimum, during IPRO's recent re-review of the record requested by this Court, the IPRO reviewers both considered Plaintiff's counsel's recounting of the hearing testimony.

Third, Plaintiff's counsel consented to conduct the hearing without the second IPRO reviewer present. When Plaintiff requested an oral hearing as part of IPRO's review of her appeal from MAMSI's coverage denial, her counsel assented to that

hearing being conducted on May 18, 2005 after he had been informed by IPRO that one of the two IPRO reviewers assigned to the case was not available to participate.

IPRO conducted its initial review in this matter in strict accordance with its contract with the District of Columbia and pursuant to the law governing that contract (D.C. Stat. § 44-301.07).  At the request of this Court it has now considered additional material and issued an updated recommendation that confirms its prior determination.  In other words, it has done all the Plaintiff has requested up until this point.  Plaintiff now argues that this still is not enough and alleges for the first time that IPRO should have considered still further information in its re-review.  These tactics should not be condoned, as they are not only baseless and harassing, they directly controvert the clear intent of the D.C. independent review statute that such reviews be finite in nature, not never-ending pleas for reconsideration until the desired outcome is achieved.  Nonetheless, IPRO has already considered the hearing testimony in question, as presented to IPRO in a summary prepared by Plaintiff's counsel and submitted two days after the hearing.

Plaintiff has failed to allege anything that qualifies as bad faith on the part of IPRO.  Plaintiff's remaining count against IPRO should therefore be dismissed.

**Respectfully submitted,**

_____/s/_____
Julianna S. Gonen
**EPSTEIN BECKER & GREEN, PC**
1227 25th Street, NW
Washington, D.C. 20037
(202) 861-0900
*Attorney for Defendant IPRO*

Dated: May 12, 2006

- 4 -

**CERTIFICATE OF SERVICE**

I hereby certify that I caused a copy of the foregoing Motion for Entry of Judgment of Dismissal With Prejudice to be served on this 15th day of May, 2006 by electronic transmission on:

J. Michael Hannon
Hannon Law Group, LLP
1901 18th Street, NW
Washington, DC 20009

Christopher Flynn
King Pagano Harrison
1730 Pennsylvania Avenue, N.W.
Suite 900
Washington, DC 20006

_____/s/_____
Grace Balian