# EXHIBIT

# B

Case 1:05-cv-02450-ESH   Document 26-4   Filed 07/24/2006   Page 2 of 4

Page 1
2002 U.S. Dist. LEXIS 26615, *

MARGARET HUNTER, Plaintiff, v. METROPOLITAN LIFE INSURANCE COMPANY, Defendant.

Civil Action No. 02-0137 (ESH)

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

*2002 U.S. Dist. LEXIS 26615*

**August 9, 2002, Decided**
**August 9, 2002, Filed**

**SUBSEQUENT HISTORY:** Summary judgment granted by, Summary judgment denied by, Claim dismissed by *Hunter v. Metro. Life Ins. Co., 251 F. Supp. 2d 107, 2003 U.S. Dist. LEXIS 3301 (D.D.C., 2003)*

**DISPOSITION:** [*1] Plaintiff's motion to compel DENIED.

**CASE SUMMARY:**

**PROCEDURAL POSTURE:** Plaintiff employee sued defendant insurer under the Employee Retirement Income Security Act (ERISA), *29 U.S.C.S. § 1001* et seq., challenging the denial of long-term disability benefits. The employee moved to compel discovery.

**OVERVIEW:** The employee's requests were designed to determine the basis for the insurer's denial of benefits. In denying the discovery, the court agreed with the insurer that the administrative record, which had been produced, constituted the only admissible evidence that should be before the court. The court reasoned that a deferential standard applied because the plan gave the insurer discretionary authority to determine a claimant's entitlement to benefits. Therefore, the evidence was limited to the facts before the claim administrator or fiduciary at the time the benefits decision was made.

**OUTCOME:** The court denied the employee's motion to compel.

**CORE TERMS:** administrator, discovery, deferential, arbitrary and capricious, fiduciary, discretionary authority, disability benefits, long-term, administrative record, case law, interrogatories, depositions

**LexisNexis(R) Headnotes**

*Pensions & Benefits Law > Employee Retirement Income Security Act (ERISA) > Fiduciaries > General Overview*
*Pensions & Benefits Law > Employee Retirement Income Security Act (ERISA) > Judicial Review > Standards of Review > Abuse of Discretion*
*Pensions & Benefits Law > Employee Retirement Income Security Act (ERISA) > Judicial Review > Standards of Review > Arbitrary & Capricious Review*
[HN1] Pursuant to a United States Supreme Court holding, under the Employee Retirement Income Security Act (ERISA), *29 U.S.C.S. § 1001* et seq., the denial of benefits by a claim administrator or fiduciary is subject to the deferential "abuse of discretion" or "arbitrary and capricious" standard of review when the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan. Given that deferential standard, the weight of authority clearly limits the evidence to the facts before the claim administrator or fiduciary at the time the benefits decision was made.

**COUNSEL:** For Margaret Hunter, PLAINTIFF: Henry E Weil, Belli, Weil & Grozebean, PC, Rockville, MD USA.

For Margaret Hunter, PLAINTIFF: Joseph T Mallon, Jr, Mallon & McCool, LLC, Baltimore, MD USA.

For Metropolitan Life Insurance Company, DEFENDANT: Mary Catherine Zinsner, Troutman Sanders, McLean, VA USA.

For Metropolitan Life Insurance Company, DEFENDANT: Jennifer A Kerkhoff, Troutman Sanders, LLP, Washington, DC USA.

For KPMG LLP, DEFENDANT: R Merinda Wilson, Sidley Austin Brown & Wood, Washington, DC USA.

**JUDGES:** ELLEN SEGAL HUVELLE, United States District Judge.

**OPINIONBY:** ELLEN SEGAL HUVELLE

**OPINION:**

### MEMORANDUM OPINION

Plaintiff has brought suit under the Employee Retirement Income Security Act ("ERISA"), *29 U.S.C. § § 1001*, challenging the denial of long-term disability benefits under the employee welfare benefit plan that had been established and maintained by her former employer, KPMG, LLP. The long-term disability benefits are made available to Plan participants pursuant to a group disability income insurance policy issued by defendant Metropolitan Life Insurance Company ("MetLife"). [*2]

Plaintiff has moved to compel discovery from MetLife. In particular, she seeks depositions of at least ten persons involved in the decision to deny her benefits, production of documents, and answers to thirteen interrogatories. As explained by plaintiff, these requests are designed to "determine[] the basis for MetLife's denial of benefits." (Pl.'s Memorandum at 2.) n1 Defendant opposes this motion, arguing that the administrative record, which has been produced, constitutes the only admissible evidence that should be before the Court, and therefore, plaintiffs discovery requests must be rejected. As is clear from the relevant case law, defendant's argument is correct, and the motion must be denied.

n1 In plaintiff's Response, she reiterates that:

> the entirety of the requested discovery seeks to determine the basis upon which the denial was made ... Plaintiff has the right to probe MetLife on its decisionmaking process.

[HN1] Pursuant to the Supreme Court's holding in *Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101, 103 L. Ed. 2d 80, 109 S. Ct. 948 (1989)*, [*3] under ERISA, the denial of benefits by a claim administrator or fiduciary is subject to the deferential "abuse of discretion" or "arbitrary and capricious" standard of review when "the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan." *Id. at 115*. Here, it is undisputed that the Plan gives to MetLife discretionary authority to determine a claimant's entitlement to benefits upon submission of appropriate proof.

Given the deferential standard which applies here, the weight of authority clearly limits the evidence to the facts before the claim administrator or fiduciary at the time the benefits decision was made. *See, e.g., Perlman v Swiss Bank Corp. Comprehensive Disability Protection Plan, 195 F.3d 975, 982 (7th Cir. 1999)* and cases cited therein. The rationale for this prohibition was explained by the Court in *Perlman:*

> It follows from the conclusion that review of UNUM's decision is deferential that the district court erred in permitting discovery into UNUM's decision-making. There should not have been any inquiry into the thought processes [*4] of UNUM's staff, the training of those who considered Perlman's claim, and in general who said what to whom within UNUM -- all of which Perlman was allowed to explore at length by depositions and interrogatories, and on some of which the district judge relied. Deferential review of an administrative decision means review on the administrative record. We have allowed parties to take discovery and present new evidence in ERISA cases subject to *de novo* judicial decisions, ..., but never where the question is whether a decision is supported by substantial evidence, or is arbitrary and capricious.

*Id. at 981-82.* n2

n2 Plaintiff essentially ignores the wealth of contrary authority, but cites to *Southern Farm Bureau Life Ins. Co. v. Moore, 993 F.2d 98 (5th Cir. 1993)*, which held that a court cannot consider evidence outside the record as to the administrator's factual determinations, but that a court can consider other evidence as it relates to the administrator's interpretation of the policy. Even if the Court were inclined to follow this dichotomy, plaintiff has failed to show how she falls on the side of the line that permits limited discovery or why the discovery that she seeks is tailored to the issue of the administrator's interpretation of the policy. In the absence of such a showing, plaintiff's reliance on Fifth Circuit case law is misplaced.

[*5]

While this Circuit has yet to address this issue, this Court is persuaded that where review is limited to the arbitrary and capricious standard, the discovery that

plaintiff seeks here is not justified. The Court will, therefore, deny plaintiff's Motion to Compel.

ELLEN SEGAL HUVELLE

United States District Judge

Dated: 8/9/02

**ORDER**

Upon consideration of plaintiff's motion to compel and the opposition thereto, it is this     day of August, 2002, hereby

**ORDERED** that the motion is **DENIED;** and it is

**FURTHER ORDERED** that defendants shall file for summary judgment on or before September 13, 2002.

**SO ORDERED.**

ELLEN SEGAL HUVELLE

United States District Judge