# EXHIBIT

# F

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JANE DOE,                              :

    Plaintiff,                         :

v.                                     :         CASE NO. 1:05cv02450 (ESH)


MAMSI LIFE AND HEALTH                  :
INSURANCE COMPANY, et al.,
                                       :
    Defendants.

### PLAINTIFF'S FIRST SET OF INTERROGATORIES TO MAMSI LIFE AND HEALTH INSURANCE COMPANY

TO:    Mamsi Life and Health Insurance Company
        C/o Christopher Flynn, Esq.
        William Silvis, Esq.
        King Pagano Harrison
        1730 Pennsylvania Avenue, N.W.
        Suite 900
        Washington, D.C. 20006

    You are requested to answer the following interrogatories within the time provided by the Rules of this Court. If you feel that there is a privilege over any information then please provide the applicable rule and reasons why the privilege is being invoked.

### INSTRUCTIONS

1. These interrogatories are to be answered under oath, fully, completely and separately.

2. The singular form of a noun or pronoun includes within its meaning the plural form of the noun or pronoun so used, and vice versa; the use of the feminine form of a pronoun includes within its meaning the masculine form of the pronoun so used, and vice versa; and the use of any tense of any verb includes within its meaning all other tenses of the verb so used.

3. Unless otherwise indicated, these Interrogatories refer to the time, place and circumstances of the occurrence mentioned or complained of in the pleadings.

4. If any interrogatory cannot be answered fully and completely, the portion or portions that cannot be answered are to be identified, the reason such portion or portions cannot be answered are to be set forth, and the remainder of the interrogatory is to be answered.

5. To the extent that any portion of the following interrogatories are deemed to be objectionable, answer the portion(s) that are not objectionable and separately state the portion of each interrogatory objected to and the ground for each such objection.

6. If any interrogatory is not answered fully and completely on the grounds of a claimed privilege or protection from discovery, the claimed privilege or protection is to be identified in writing on or before the date an answer is required with respect to each such interrogatory, and the following information shall be set forth:

    a. For documents:

        (i) the type of privilege or protection asserted and the reason(s) you contend the document is privileged protected;
        (ii) the factual basis for the claim of privilege or protection;
        (iii) the nature of the document (i.e., letter, memorandum, etc.);
        (iv) the subject matter of the document;
        (v) the date of the document;
        (vi) the author of the document and the author's title or position;
        (vii) the recipient(s) of the document and the recipient's title or position;
        (viii) the identity of all persons who have seen the document; and

    b. For oral communications:

        (i) the identity of the person making the communication;
        (ii) the identity of the recipient of the communication;
        (iii) the identities of all persons present when the communication was made;
        (iv) the date and place of the communication; and
        (v) the general subject matter of the communication.

7. If any interrogatory is answered with a reference to documents from which the answer may be derived or ascertained:

    a. the specification of documents shall be sufficiently detailed to permit Defendants to locate and identify the documents and ascertain the answer as readily as could Plaintiffs;
    b. Plaintiffs shall provide any relevant compilations, abstracts, or summaries in their custody or that are reasonable obtainable by them; and
    c. the documents shall be made available for inspection and copying within ten (10) days after service of the answers to these interrogatories, or as otherwise provided by order of the Court.

8. These interrogatories shall be deemed to be continuing in character. If you at any time subsequent to answering these interrogatories, and prior to the rendering of judgment in this action, obtain additional information responsive to these interrogatories, you shall promptly provide such information in accordance with the Federal Rules of Civil Procedure.

9. The answers to these interrogatories shall be signed by the person making them, and any objections shall be signed by the attorney making them.

10. If information used in answering these interrogatories was obtained from any document or confirmed through any document, or the document is being produced in response to a specific request in the following interrogatories:

    a. identify each such document and attach a copy hereto; and
    b. designate the interrogatory or interrogatories to which such document responds, as well as the identity of the file(s) from which the documents were obtained.

11. When an interrogatory uses a term or word defined herein, each part of the definition is incorporated into the interrogatory.

## DEFINITIONS

1. "All" and "each" mean each and every.

2. "And" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request the broadest range of responses.

3. "Communication" means the transmittal of thoughts, ideas, data or information between persons or from one location to another by any means.

4. "Relating to," or "relate to," mean concerning, consisting of, referring to, describing, evidencing, constituting, discussing, containing, reflecting, mentioning, pertaining to, citing, summarizing, analyzing or bearing any logical or factual connection with the matter discussed.

5. "Date" means the exact day, month or year, or, if the exact day, month and year is not known, the closest approximation thereof.

6. The term "document(s)" shall mean the following items, whether printed, recorded, reproduced by any other mechanical or electronic process, or written or produced by hand, namely: papers; books; records; correspondence; e-mails; memoranda; diaries; calendars; reports; notes; notations; financial records; communications; facsimiles; summaries of records, conversations, interviews, meetings or conferences; statistical statements; graphs; charts; accounts; analytical records; reports or summaries of investigations; opinions or reports of consultants or experts; photographs; tape recordings and videotape recordings and other means of recordings; computer printouts; computer disks; or information stored in computer memory drives of any kind. This definition includes not only originals but also any copy containing or having attached thereto any alterations, notes, comments or other material not appearing on the original or any other copy not containing such material, and shall also include drafts, revisions of drafts and other preliminary material, from whatever source, underlying, supporting, or used in the preparation of any document.

7. "Person" means any natural person and any business, legal or governmental entity or association, including, but not limited to, firms, partnerships, associations, corporations and divisions, departments or other units thereof, joint ventures, syndicates, or governmental agencies, departments, boards, or bureaus, or any other entity.

8. "Representative" means any person, including Plaintiffs' attorneys, agents, employees, investigators, experts and consultants, who acts, has at any time acted, or has at any time by any person been requested or solicited to act, at Plaintiffs' request, for Plaintiffs' benefit or on your behalf.

9. "Describe in detail" means to answer completely and accurately, using factual statements, the subject matter to which the interrogatory refers; identify all documents, communications and events relating to the discovery request; and identify all persons with knowledge of facts relevant to the discovery request and the nature and substance of their knowledge and/or expected testimony.

10. "Identify," when used with respect to documents means that for each and every document to:

   a. state the exact name and title by which you refer to it;
   b. state the date of the document and all other serial or identifying numbers thereon;
   c. identify each and every person who wrote, signed, initialed, dictated, or otherwise participated in the creation of said document;
   d. state its general subject matter;
   e. identify each and every addressee, if any, of the document;
   f. identify each and every person having custody or control of the document;
   g. specify the location of any file or files where the document is normally or presently stored, and identify the custodian thereof; and
   h. briefly summarize the contents of the document.

11. "Identify," when used with respect to natural persons, means the name, phone number, current physical and e-mail address, last-known address, last-known place of employment, employer, and job title of any and all natural persons, and, if other than natural persons, the full name and place of the entity and the name, last-known address, place of employment and employer of each and every natural person employed by or representing such entity, having knowledge of, or with whom communications have taken place, relating to the responsive documents.

12. "Identify," when used with respect to any person other than a natural person, means to state its full name, the address of its principal place of business and its state of incorporation or filing of its organizational certificates and to describe the primary business in which such entity is engaged.

13. "Identify," when used with respect to a communication, means the substance of the communication; the identity of the persons between or among whom the communication took place; the identity of each person present when the communication took place; the date and time

4

the communication took place and the manner in which it occurred (in a face-to-face meeting, via telephone, etc.); and the identity of each document in which such communication was recorded, described or otherwise referred to, in whole or in part.

14. "Identify," when used with respect to an event, means to state in detail what took place; the identity of the persons involved in the event; the identity of each person present when the event took place; the date and time the event took place and the manner in which it occurred (e.g., in a face-to-face meeting, via telephone, etc.); and the identity of each document concerning the event.

15. The terms "you" and "your," as used in these interrogatories, mean Plaintiffs and their agents, representatives, investigators and attorneys.

## INTERROGATORIES

1. Please identify the individual responding to these interrogatories.

2. Please identify the full name of the company, any previous names the company has held, the date of incorporation of the company, and describe the purpose of the company.

3. Please identify all the people involved in the decision to deny Jane Doe's claim, specifying the individual(s) who made the final decision.

4. Please describe in detail the process of how the decision to deny Jane Doe's claim was made, including all appeals decisions.

5. Please provide the date, location, and minutes of any meetings that any of your representatives attended regarding the analysis and decision to deny Jane Doe's claim.

6. Please describe in detail why Jane Doe's claim was denied, including but not limited to a description of the criteria needed for inpatient services and for partial hospitalization services and an explanation why you decided that Jane Doe did not meet the required criteria.

7. Identify all documents relating to Jane Doe's claim and the decision made on Jane Doe's claim, the contents of the documents, and the location and custodian of those documents.

8. Identify the number of cases you have reviewed involving bulimia nervosa, and identify the number of those cases that have been denied.

5

9. If you expect to call any person as an expert witness or to give opinion testimony at the trial of this case, state:

    a. The name and field of expertise of each such person;

    b. The facts to which each is expected to testify;

    c. The opinions to which each is expected to testify;

    d. The basis for each such opinion.

10. Identify all persons not otherwise mentioned in answers to these Interrogatories who has personal knowledge of the facts relevant to this case.

HANNON LAW GROUP, LLP

*/s/ J. Michael Hannon /JAV*
J. Michael Hannon, #352526
1901 18th Street, NW
Washington, DC 20009
(202) 232-1907
Fax: (202) 232-3704
jhannon@hannonlawgroup.com

*Counsel for Plaintiff Jane Doe*

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing, was sent via facsimile and first class mail this 10th day of July, 2006, to:

Christopher Flynn, Esq.
William Silvis, Esq.
King Pagano Harrison
1730 Pennsylvania Avenue, N.W.
Suite 900
Washington, D.C. 20006

*/s/ J. Michael Hannon /JAV*
J. Michael Hannon