UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JANE DOE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: 1:05CV02450 (ESH) |
| ) | |
| MAMSI LIFE AND HEALTH ) | |
| INSURANCE COMPANY, et al., ) | |
| ) | |
| Defendants. ) | |

**DEFENDANT MAMSI LIFE AND HEALTH INSURANCE COMPANY'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR PROTECTIVE ORDER LIMITING DISCOVERY TO THE ADMINISTRATIVE RECORD**

Defendant, MAMSI Life and Health Insurance Company ("MLH"), by and through counsel, King Pagano Harrison, respectfully moves this Court, pursuant to Federal Rules of Civil Procedure 26(b)(2) and (c)(1), to enter a Protective Order to quash Plaintiff's Interrogatories, Requests for Production, Notice of Deposition *Duces Tecum* and Deposition Notices propounded upon MLH. MLH further requests that the Court limit the scope of discovery to the Administrative Record only, which MLH filed with this Court and served upon the Plaintiff on July 24, 2006.

**I.**

**INTRODUCTION**

Plaintiff seeks health benefits coverage for non-covered services under an employer-sponsored health benefits plan governed by the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001 et seq. Under ERISA, this Court should review MLH's coverage decision here under a deferential abuse of discretion standard. The courts have held that, in

reviewing an ERISA coverage determination pursuant to this deferential standard of review, discovery is properly limited to the administrative record upon which the coverage determination was made. MLH has already produced the administrative record to Plaintiff. Plaintiff, however, has propounded discovery that far exceeds the limits set for ERISA actions and is completely unnecessary to the resolution of this dispute. As a result, MLH respectfully moves this Court for an order quashing Plaintiff's discovery.

## II.

## STATEMENT OF FACTS

MLH administers the private employer-sponsored group benefits plan under which the Plaintiff received health benefits. *See* Complaint at ¶ 7; *see also* Complaint Exhibit A, MAMSI Group Hospital and Insurance Policy Contract Face Sheet. Specifically, the Group Employer and MLH agreed that, in exchange for premium payments, MLH would provide hospital and medical insurance benefits to group enrollees pursuant to the applicable plan documents (i.e., Group Certificate, endorsements, riders, and adopted documents). *See* Complaint Exhibit A at p. 1, ¶2 and Group Agreement, Article 9.3. Plaintiff admits in her Complaint that ERISA governs the Plan; indeed, she filed her action pursuant to ERISA's remedial scheme. *See* Complaint at ¶¶ 1-3, and p. 7. Likewise, Plaintiff admits that MLH is the plan administrator. *See* Complaint at ¶¶ 5, 11, 12, and 13.

Pursuant to the Plan documents, MLH has broad discretion in making benefit coverage decisions. For example, Article 9.3 of the Group Agreement provides that MLH may:

> adopt reasonable policies, procedures, rules and interpretations to
> promote orderly and efficient administration of this Contract, and
> the Employer agrees to cooperate with MLH in administering such
> rules and regulations.

2

*See* Complaint at ¶ 5; *see also* Complaint Exhibit A at Article 9.3. Likewise, the MLH Group Certificate provides MLH with unfettered discretion in determining the medical necessity of services rendered to health plan members. Specifically, the plan documents provide that "the Group Certificate does not cover . . . Services that are not Medically Necessary." *See* Group Certificate Exclusions Section ¶ 1, p. 46 (attached hereto as Exhibit A). The Group Certificate then defines Medically Necessary to mean:

> Heath Services which are reasonably necessary and in the exercise of good medical practice in accordance with professional standards accepted and commonly available in the United States for treatment of Sickness or Injury *as determined by the Company*. The service must 1) be appropriate and necessary for the symptom's diagnosis, or treatment of the medical condition; 2) be provided for the diagnosis or direct care or treatment of the condition; 3) not be provided for convenience; and 4) be performed or provided in the least costly setting or manner appropriate to diagnose or treat the Injury of Sickness.

*See* Group Certificate, Definitions Section, p. 6 (Exh. A) (emphasis added).

Plaintiff is a plan beneficiary. *See* Complaint at ¶ 4; *see also* Complaint Exhibit A at Article 2.2. In her lawsuit, she seeks reimbursement for healthcare services that she received during October and November 2004 that are excluded under the terms of the Plan. *See* Complaint ¶¶ 11–14, 17, 20-21, 33, 35, 48-49. Specifically, Plaintiff submitted a claim to MLH for inpatient hospitalization relating to the treatment of bulimia nervosa. MLH denied this claim because it was abundantly clear that inpatient treatment was not medically necessary. MLH explained to Plaintiff that, after review of the available medical data and Plan documents, it was clear that Plaintiff's medical condition did not necessitate inpatient psychiatric treatment. *See* Administrative Record at Index No. 1, October 14, 2004 Letter from MAMSI to Plaintiff re inpatient hospitalization coverage decision.

On administrative appeal, a separate MLH medical Director, an external review physician consultant and two independent physicians retained by an independent review organization all found that MLH's coverage decision was appropriate. *See* Administrative Record at Index Nos. 15 and 16, Consultant Case Review Summary and Decision; Index No. 17, December 2, 2004 Internal Appellate Review Decision of Coverage Determination; Index No. 29, IPRO Review Decision Dated May 26, 2005; and Index No. 35 IPRO, Re-Review Decision Dated April 18, 2006. Plaintiff challenges those determinations in this lawsuit.

### III.

### DISCUSSION

Generally, a district court has broad discretion in defining the scope of discovery, settling discovery disputes and limiting the scope of discovery where appropriate. *Hussain v. Nicholson*, 435 F.3d 359, 364 (D.C. Cir. 2006). Such discovery rulings are reviewed for an abuse of discretion. *Id.* Likewise, Federal Rule of Civil Procedure 26(b)(2)(iii) permits a district court to limit discovery when the discovery expense and burden outweighs any perceived benefit as compared to the issue, the amount in controversy and the limited scope of the case. Fed. R. Civ. P. 26(b)(2)(iii)(2004). Moreover, Rule 26(c)(1) grants the district court the discretion to order that "the disclosure or discovery not be had." Here, the Court should not permit Plaintiff's discovery beyond the Administrative Record as it is unnecessary duplicative and improper.

The "consensus among . . . courts [is] that discovery in ERISA cases should be less than what is ordinarily required." *Fitts v. Fannie Mae*, 204 F.R.D. 1, 5 (D.D.C. 2001). When an ERISA plan administrator is vested with discretionary authority under the plan, the district court must limit discovery to the administrative record that relates to the plan administrator's decision. *Id.* Indeed, "[c]ourts review ERISA-plan benefit decisions on the evidence presented to the plan

4

administrators, not on a record later made in another forum." *Heller v. Fortis Benefits Ins. Co.*, 142 F.3d 487, 493 (D.C. Cir. 1998) (*citing Block v. Pitney Bowes Inc.*, 952 F.2d 1450, 1455 (D.C. Cir. 1992)). Here, the Group Agreement and Group Certificate provide MLH with broad discretion to make final benefit determinations, especially as it relates to issues of medical necessity. *See* Complaint, Exhibit A at Article 9.3; *see also* MLH Group Certificate, pp. 6-7 and 46 (Exh. A).

When, as here, the benefit plan at issue grants the plan administrator discretionary authority to determine benefits, the Court should review the decision under a deferential "abuse of discretion" or "arbitrary and capricious" standard of review. *Hunter v. Metro. Life Ins. Co.*, 2002 U.S. Dist. LEXIS 26615, \*\*2-3 (D.D.C. Aug. 9, 2002) (*citing Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989)) (attached hereto as Exhibit B). When the deferential review standard applies, "the weight of authority clearly limits the evidence to the facts before the claim administrator or fiduciary at the time the benefits decision was made." *Hunter*, 2002 U.S. Dist. LEXIS 26615, at \*3 (Ex. B); *see also Perlman v Swiss Bank Corp. Comprehensive Disability Protection Plan*, 195 F.3d 975, 982 (7th Cir. 1999) (holding that the plaintiff was not allowed to delve into the health plan administrator's and staff's thought processes or training, nor should plaintiff have been allowed to explore who said what to whom). Deferential review of an administrative decision by definition means review of the evidence in the administrative record and deciding whether the discretionary decision was supported by that evidence or was otherwise arbitrary and capricious. *Hunter*, 2002 U.S. Dist. LEXIS 26615, at \*3 (Ex. B); *see also Heller*, 142 F.3d at 493-94 (excluding a declaration beneficial to the plaintiff but unavailable to the plan administrator at the time it originally rendered its claim decision and holding that said declaration could not be considered now in the district court).

The theoretical possibility that discovery may uncover an example where the plan administrator did not appropriately interpret or apply the plan documents or its terms cannot justify the expense and time it would take to find it. *Fitts*, 204 F.R.D. at 5 "That there is a needle in a haystack does not make searching the haystack worthwhile." *Id.* (denying a motion to compel and holding that the theoretical possibility that discovery may reveal a damaging admission, which may be of little or no probative value, as compared to the cost and expense it would take to find it, failed to justify discovery beyond the administrative record).

The Court, therefore, should assess the ERISA administrative decision based on the administrative record. *See Ayer v. Liberty Life Assur. Co.*, 382 F. Supp. 2d 162, 181 (D. Me. 2005) (holding that "[i]t would offend interests in finality and exhaustion of administrative procedures required by ERISA to shift the focus from that decision to a moving target by presenting extra-administrative record evidence going to the substance of the decision."). "The claimant may not come to court and ask it to consider post-denial evidence in an effort to reopen the administrative decision." *Id.*

In determining that it was not medically necessary to treat Plaintiff on an inpatient basis, MLH exercised its discretion by interpreting Plan documents, applying them to the facts and making a coverage decision. *See supra* Statement of Facts; *see also* Administrative Record. The Administrative Record recounts and includes all of the information relevant to the coverage determination. As a result, no further discovery is necessary or warranted.

Plaintiff, however, has propounded discovery that goes far beyond the Administrative Record. For example, Plaintiff's discovery directs MLH, among other things, to: 1) produce all minutes of each and every meeting MLH or its representative, or any other defendant conducted regarding Jane Doe's claim; 2) produce corporate representatives for depositions regarding

6

unrelated claim reviews and payment statistics for each of the internal and external reviewers who reviewed the coverage decision at issue; 3) produce all documents regarding or showing unrelated claim reviews and payment statistics; 4) produce its Medical Directors, registered nurses and outside consultants for deposition; and 5) identify the total number of cases MLH has reviewed involving bulimia nervosa and the number of those cases that have been denied. *See* Plaintiff's Request for Production of Documents, Request No. 5 (attached as Exhibit C); Plaintiff's Notice of Deposition *Duces Tecum* of IPRO Pursuant to Rule 30(b)(6) at p. 1 Request Nos. 2-4 and p. 2 Request Nos. 1-3 (attached as Exhibit D); Plaintiff's Notice of Depositions at pp. 1-2 (attached as Exhibit E); Plaintiff's First Set of Interrogatories, Int. No. 8 (attached as Exhibit F). The above-cited discovery is illustrative of Plaintiff's discovery requests that unnecessarily request information and documents beyond the scope of discovery permitted under ERISA.

Plaintiff's discovery is also unnecessarily duplicative of the Administrative Record. For example, Plaintiff's Interrogatories ask MLH to: 1) describe in detail why Jane Doe's claim was denied, including but not limited to a description of the criteria needed for inpatient services and for partial hospitalization services and an explanation why you decided that Jane Doe did not meet the required criteria; and 2) identify all documents relating to Jane Doe's claim and the decision made on Jane Doe's claim, the contents of the documents, and the location of the documents. *See* Plaintiff's First Set of Interrogatories, Int. Nos. 6-7 (Exh. F). The Administrative Record is responsive to those discovery requests and any additional discovery is superfluous.

## IV.

## CONCLUSION

Since Plaintiff filed a claim for benefits under ERISA, this Court should limit the scope of discovery to the Administrative Record and quash the discovery requests that Plaintiff propounded upon MLH. Plaintiff is only entitled to discover the Administrative Record, which MLH has already produced in its entirety. MLH, therefore, respectfully moves this Court to grant its Motion for Protective Order.

Date:  July 24, 2006                                  Respectfully submitted,


                                                      /s/  Christopher Flynn
                                                      Christopher Flynn, Esq.
                                                      William C. Silvis, Esq.
                                                      KING PAGANO HARRISON
                                                      1730 Pennsylvania Avenue, NW
                                                      Suite 900
                                                      Washington, DC 20006
                                                      Ph: 202-371-6800
                                                      Fax: 202-371-6770
                                                      cflynn@kph.com

**CERTIFICATE OF SERVICE**

I hereby certify under penalty of perjury that on this 24th day of July 2006, a copy of DEFENDANT MAMSI LIFE AND HEALTH INSURANCE COMPANY'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR PROTECTIVE ORDER LIMITING DISCOVERY TO THE ADMINISTRATIVE RECORD, was sent via electronic filing to:

> J. Michael Hannon, Esq.
> THOMPSON, O'DONNELL, LLP
> 1212 New York Avenue NW, Suite 1000
> Washington, DC 20005
> ph: (202) 289-1133
> Fax: (202) 289-0275
> *Counsel for Plaintiff*

and all counsel of record, registered with the Court's ECF system.

Respectfully submitted,

/s/ William C. Silvis
William C. Silvis, Bar No. 485572
KING PAGANO HARRISON
1730 Pennsylvania Ave, N.W., Suite 900
Washington, DC 20006
(202) 371-6800
(202) 371-6770 (fax)

*Counsel for Defendant MAMSI Life and Health Insurance Company*