# EXHIBIT

# C

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JANE DOE,                                                :

    Plaintiff,                                       :

v.                                                              :           CASE NO. 1:05cv02450 (ESH)

MAMSI LIFE AND HEALTH                    :
INSURANCE COMPANY, et al.,
                                                                 :
    Defendants.

**PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS
TO DEFENDANT MAMSI LIFE AND HEALTH INSURANCE COMPANY**

Plaintiff Jane Doe, by her attorneys, requests that defendant Mamsi Life and Health Insurance Company produce the following for inspection and copying at the offices of HANNON LAW GROUP, 1901 18th Street, NW, Washington, DC 20009, within the time provided by the rules of this Court:

### INSTRUCTIONS

    a)    These requests for production of documents shall be deemed to be continuing. If the Parties at any time subsequent to the production of documents in response hereto, and prior to the rendering of judgment in this action, obtain additional documents responsive to these requests, they are requested promptly to provide such documents for inspection and copying.

    b)    In producing the documents requested, the Parties are requested to furnish all documents in their possession, custody, or control, including both documents possessed directly by them and documents possessed by their agents, representatives, investigators, and attorneys or their agents, employees, representatives or investigators.

    c)    These requests for production of documents seek production of every version of the documents requested, including, but not limited to, copies of the documents with marginalia, additional attachments, additional printed or typed notes, indications of carbon copies, blind carbon copies, or distribution lists, and drafts and revisions of the document.

    d)    Each request herein contemplates production of items in their entirety without abbreviation or expurgation. If any of the documents requested cannot be produced in full, Defendants are requested to produce them to the fullest extent possible, specifying the reasons

for their inability to produce the remainder and stating whatever information, knowledge or belief they have concerning the contents of the portion not produced.

 e) All documents produced in response to these requests shall be produced in an orderly manner and with appropriate markings or other identification so that Plaintiff will be able to identify the source of the document, the file in which it was maintained and the person to whom such file belonged, and to which document request it corresponds.

 f) All indices or similar documents that list, classify, organize, record, explain or enumerate responsive documents shall be produced along with the responsive documents.

 g) In the event that any matter called for in this request has been disposed of or destroyed, that item is to be identified as follows: preparer, originator, transmitter, addressor, recipient, addressee, indicated or blind copies, date, title, subject matter, number of pages, attachments or appendices, all persons to whom distributed, shown or explained, date of destruction, manner of destruction, reasons for destruction, person(s) destroying the document(s), and persons having knowledge of the disposal or loss.

 h) If any matter covered by this request is no longer in Defendants' possession or control, or is not in his possession or control but is known to Defendants, they are requested to describe the matter in detail and indicate the present custodian of same.

 i) Where anything has been deleted or redacted from a document produced in response to these requests, specify the nature of the material deleted or redacted, state the reason for the deletion or redaction, and identify the person responsible for the deletion or redaction.

 j) If objection is made to producing any document, or any portion thereof, or to disclosing any information contained therein, on the basis of any claim of privilege or protection from discovery, the claimed privilege or protection is to be identified and the following information shall be set forth for each such document or portion

   i) the nature of the document (i.e., letter, memorandum, etc.);
   ii) the date of the document;
   iii) the subject matter of the document;
   iv) the nature of the subject matter of the information withheld;
   v) the type of privilege asserted;
   vi) the factual basis for the claim of privilege;
   vii) the document request to which the document is responsive;
   viii) the author of the document;
   ix) the author's title or position;
   x) the recipient of the document;
   xi) the recipient's title or position; and
   xii) the document designation number(s) assigned to the document.

 k) Words used in the plural shall also be taken to mean and include the singular.

Words used in the singular shall also be taken to mean and include the plural. When a document request uses a term or word defined herein, each part of the definition is incorporated into the document request.

### DEFINITIONS OF TERMS

As used in these Requests and the instructions set forth above:

a) The terms "all documents relating to" and "each and every document relating to" shall mean all documents that discuss, refer to, mention, regard, or otherwise involve or reflect upon the subject matter of the particular request for production of documents.

b) The term "the lease" means the lease at issue in the Plaintiff's Complaint.

c) The terms "communication" or "communications" or "correspondence" mean the transmission by any means of a word, statement, fact, thing, idea, document (as defined below), instruction, demand or question.

d) The term "document(s)" shall mean the following items, whether printed, recorded, reproduced by any other mechanical or electronic process, or written or produced by hand, namely: papers; books; records; correspondence; e-mails; memoranda; diaries; calendars; reports; notes; notations; financial records; communications; facsimiles; summaries of records, conversations, interviews, meetings or conferences; statistical statements; graphs; charts; accounts; analytical records; reports or summaries of investigations; opinions or reports of consultants or experts; photographs; tape recordings and videotape recordings and other means of recordings; computer printouts; computer disks; or information stored in computer memory drives of any kind. This definition includes not only originals but also any copy containing or having attached thereto any alterations, notes, comments or other material not appearing on the original or any other copy not containing such material, and shall also include drafts, revisions of drafts and other preliminary material, from whatever source, underlying, supporting, or used in the preparation of any document.

e) The term "person" means any natural person, any organization (whether or not it is organized for profit), including but not limited to, corporations, professional corporations, general and limited partnerships, limited liability companies, joint ventures, sole proprietorships and voluntary associations, and any governmental entity or agency.

f) The terms "relating to" or "relate to" mean consisting of, referring to, describing, discussing, regarding, constituting, evidencing, containing, reflecting, mentioning, concerning, pertaining to, citing, summarizing, analyzing or bearing any logical or factual connection with the matter discussed.

g) The term "representative" means any person, including Defendants' employees, attorneys, agents, investigators, experts and consultants, who acts, has at any time acted, or has at any time by any person been requested or solicited to act at Defendants' request, for their benefit or on their behalf.

3

## DOCUMENTS REQUESTED

1. All documents identified or referenced in your Answers to Interrogatories.

2. All written, reduced to writing or recorded statements made by you and/or your employees, agents, representatives, or any other defendant relating to Jane Doe's claim.

3. Copies of all notes, reports, memoranda and surveys prepared by or on behalf of any expert whom you intend to call as a witness at trial, including the curriculum vitae of the expert and all documents submitted to the expert for his review, as well as those documents provided to the expert.

4. Any and all documents or correspondence that you and/or your representatives have sent to any person or entity relating to this litigation.

5. All minutes of each and every meeting you, your representative, or any other defendant conducted regarding Jane Doe's claim.

6. All documents relating to Jane Doe's claim and the decision made on Jane Doe's claim.

HANNON LAW GROUP, LLP

*J. Michael Hannon / TMV*
J. Michael Hannon, #352526
1901 18th Street, NW
Washington, DC 20009
(202) 232-1907
Fax: (202) 232-3704
jhannon@hannonlawgroup.com

*Counsel for Plaintiff Jane Doe*

4

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing, was sent via facsimile and first class mail this 10th day of July, 2006, to:

Christopher Flynn, Esq.
William Silvis, Esq.
King Pagano Harrison
1730 Pennsylvania Avenue, N.W.
Suite 900
Washington, D.C. 20006

J. Michael Hannon / TAV
J. Michael Hannon

5