UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JANE DOE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: 1:05CV02450 (ESH) |
| ) | |
| MAMSI LIFE AND HEALTH ) | |
| INSURANCE COMPANY, et al., ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT MAMSI LIFE AND HEALTH INSURANCE COMPANY'S
REPLY IN SUPPORT OF ITS MOTION FOR PROTECTIVE ORDER**

Defendant MAMSI Life and Health Insurance Company ("MLH"), by and through counsel, King Pagano Harrison, respectfully submits this reply brief in support of its motion for a protective order limiting discovery to the administrative record.

**I.**

**INTRODUCTION**

A protective order limiting further discovery in this case is appropriate because MLH has already provided Plaintiff and this Court with the entire administrative record. This record, totaling nearly 800 pages, represents the complete universe of documents upon which the ERISA administrator relied in denying Plaintiff's claims. Nothing more is necessary for a just resolution of the issues raised in this case. Further discovery would either be duplicative of the administrative record or outside the permissible scope of review as established by the courts of this Circuit. For these reasons, MLH respectfully requests that this Court grant the motion for a protective order.

## II.

## **DISCUSSION**

Plaintiff has failed to demonstrate that discovery beyond the administrative record is either appropriate or necessary in this ERISA action. As this Court correctly recognized in Hunter v. Metropolitan Life Insur. Co., in ERISA cases where the abuse of discretion standard of review applies, "the weight of authority clearly limits the evidence to the facts before the claim administrator or fiduciary at the time the benefits decision was made." 2002 U.S. Dist. 26615 *3 (D. D.C. Aug. 9, 2002) (J. Huvelle). The abuse of discretion standard is appropriate here because the benefits plan at issue gives the administrator, MLH, discretionary authority to determine eligibility for benefits and to construe the terms of the plan. See MLH's Memorandum of Law at pp. 2-3, 5; see also Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101, 115 (1989) (denial of benefits by claim administrator subject to abuse of discretion standard of review where benefit plan gives administrator discretionary authority to determine eligibility for benefits or to construe the terms of plan). Thus, discovery in this case is limited to the administrative record.

On July 24, 2006, MLH produced the entire administrative record, totaling nearly 800 pages. Thus, MLH has fully performed its discovery obligations. Further, pursuant to Rule 26(b)(2)(i) of the Federal Rules, the Court may limit discovery that is "unreasonably cumulative or duplicative." Fed. R. Civ. P. 26(b)(2)(i). Given the voluminous administrative record already produced by MLH, Plaintiff's discovery is likely duplicative of what has already been produced. No further discovery is warranted in this case.

Plaintiff does not dispute that abuse of discretion is the appropriate standard of review in this case. Opposition at pp. 7-8. Rather, contrary to well-established authority, including this

Court's decision in Hunter, Plaintiff simply argues that discovery is not limited in abuse of discretion cases. Opposition at p. 8. The cases cited by Plaintiff in support of broader discovery are inapplicable. For example, Plaintiff relies upon two cases where the court was applying different standards of review, Hurley v. Life Ins. Co. of N. America, 2006 U.S. Dist. LEXIS 48835 (D. D.C. Jul. 9, 2006) (J. Kollar-Kotelly) and Pulliam v. Continental Casualty Co., 2003 WL 1085939 (D. D.C. Feb. 27, 2003) (Magistrate J. Kay). Opposition at pp. 5-6, 8. In Hurley, the defendants had stipulated that *de novo* review was the appropriate standard of review. 2006 U.S. Dist. LEXIS 48835 at *8. MLH does not dispute that broader discovery may be available in ERISA cases where the standard of review is *de novo*. The *de novo* review is inapplicable to the present dispute. Hurley, therefore, is equally inapplicable.[1]

Pulliam v. Continental Casualty Co., 2003 WL 1085939 (D. D.C. Feb. 27, 2003) (Magistrate J. Kay) is similarly unpersuasive. The Pulliam court did not address discovery in connection with the deferential abuse of discretion standard, but rather discovery in connection with the heightened standard that applies to allegations of conflict of interest. 2003 WL 1085939 at *3. There is no such issue in this case. Moreover, there is no indication in Pulliam that the insurance company had produced the entire administrative record, as MLH has done here. Thus, like Hurley, Pulliam is not instructive to the present dispute.[2]

---

[1] Plaintiff's quote from Hurley is inapposite for the same reason. Opposition at p. 8. In Hurley, the court states that "[t]he D.C. Circuit has not yet decided this issue of whether district courts may review evidence beyond the administrative record." See Hurley, 2006 U.S. Dist. LEXIS 48835 at *15. As discussed above, however, the court is clearly addressing the *de novo* standard, not the abuse of discretion standard. Thus, the court's statement in Hurley lends no weight to Plaintiff's argument.

[2] Plaintiff also relies, albeit wrongly, on Wilbur v. ARCO Chemical Co., 974 F.2d 631 (5th. Cir. 1992). In Wilbur, the Court allowed the parties to conduct discovery beyond the administrative record, even under the abuse of discretion standard of review, because the case law in that Circuit allowed it. 974 F.2d at 638. This Circuit's case law, however, plainly does not allow such discovery and thus reliance on secondary authority is unnecessary and inappropriate. See e.g. Hunter, 2002 U.S. Dist. 26615 *3 (D. D.C. Aug. 9, 2002); Heller v. Fortis Benefits Co., 142 F.3d 487, 493 (D.C. Cir. 1998). Likewise, this Circuit's case law is clearly aligned with the Circuits' consensus that limits the discovery to the administrative record under the abuse of discretion standard. See e.g. Ayer v. Liberty Life Assur. Co., 382 F. Supp. 2d 162, 181 (D. Me. 2005); Perlman v. Swiss Bank Corp. Comprehensive Disability

3

Plaintiff also fails to address MLH's argument regarding the Court's broad discretion in defining the scope of discovery.  MLH's Memorandum of Law p. 4.  Instead, Plaintiff argues that it would not be unduly burdensome for MLH to provide additional discovery.  Opposition at pp. 3-4.  The Court should not entertain Plaintiff's argument.  First, Plaintiff fails to demonstrate why the Court should abandon well-established authority in this jurisdiction by broadening discovery beyond the administrative record.  The issue of burden is simply irrelevant to whether Plaintiff is entitled to discovery beyond the administrative record.  Second, Plaintiff ignores the fact that the Court has broad discretion to define and limit the scope of discovery.  See Hussain v. Nicholson, 435 F.3d 359, 364 (D.C. Cir. 2006).  Indeed, Plaintiff fails to acknowledge that pursuant to Rule 26(b)(2)(i) of the Federal Rules, the Court is entirely within its power to limit or bar discovery that is "unreasonably cumulative or duplicative."  Fed. R. Civ. P. 26(b)(2)(i).  Given the voluminous administrative record already produced by MLH, Plaintiff's requests are likely duplicative.

Finally, several of the discovery requests that Plaintiff claims are important to the resolution of this matter are directed to IPRO, Inc., which has been dismissed from this case.  See Opposition at p. 3.  Plaintiff has noticed the depositions of the corporate representatives of IPRO, Inc., as well as the company's outside reviewers.  See Notice of Deposition Duces Tecum of IPRO, Inc. (attached hereto as Exhibit A); see also Notice of Deposition (attached hereto as Exhibit B).  Plaintiff also requests documents in connection with the corporate depositions.  See Exhibit A.  These requests are clearly beyond the permissible scope of discovery in an abuse of discretion case.  Moreover, there is no evidence that Plaintiff has even attempted to serve the notices on the IPRO, Inc.  See Certificates of Service, Exhibits A and B.  Most important,

---

Protection Plan, 195 F.3d 975, 982 (7th Cir. 1999).  Given the contrary authority in this Circuit and others, the Fifth Circuit's decision in Wilbur is not persuasive.

however, MLH cannot be compelled to respond to discovery addressed to a non-party. For these reasons, a protective order is appropriate.

### III.

### CONCLUSION

For the reasons stated above, as well as those set forth in MLH's motion for a protective order and the memorandum of law in support, MLH respectfully requests that the Court grant MLH's motion for a protective order limiting discovery to the administrative record.

Date: August 14, 2006                              Respectfully submitted,

/s/ William C. Silvis
Christopher Flynn, Esq.
William C. Silvis, Esq.
KING PAGANO HARRISON
1730 Pennsylvania Avenue, NW
Suite 900
Washington, DC 20006
Ph: 202-371-6800
Fax: 202-371-6770
cflynn@kph.com

**CERTIFICATE OF SERVICE**

    I hereby certify under penalty of perjury that on this 14th day of August 2006, a copy of DEFENDANT MAMSI LIFE AND HEALTH INSURANCE COMPANY'S REPLY IN SUPPORT OF THE MOTION FOR PROTECTIVE ORDER LIMITING DISCOVERY TO THE ADMINISTRATIVE RECORD was sent via the Court's ECF system to:

        J. Michael Hannon, Esq.
        HANNON LAW GROUP, LLP
        1901 18th Street N.W.
        Washington, DC 20009
        ph: (202) 232-1907
        Fax: (202) 232-3704

        *Counsel for Plaintiff*

        Respectfully submitted,

        /s/ William C. Silvis
        William C. Silvis, Bar No. 485572
        KING PAGANO HARRISON
        1730 Pennsylvania Ave, N.W., Suite 900
        Washington, DC 20006
        (202) 371-6800
        (202) 371-6770 (fax)

        *Counsel for Defendant MAMSI Life and Health Insurance Company*