UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JANE DOE, )
)
       **Plaintiff,** )
)
) Case No.: 1:05CV02450(ESH)
)
MAMSI LIFE AND HEALTH )
INSURANCE COMPANY, et al., )
)
       **Defendant.** )
)
_____)

## DECLARATION OF MARY STOCK

My name is Mary Stock and I am competent to give this Declaration.

1. I have am a Clinical Social Worker and am currently working at Pine Grove Behavioral Health and Addictive Services in Hattiesburg, Mississippi. I work with professionals who suffer from personality disorders and/or addictions, as well as eating disorders. I was working on the treatment team at River Oaks Hospital in New Orleans, Louisiana in the Fall of 2004, and treated Plaintiff, Jane Doe.

2. I began seeing the Plaintiff in an outpatient capacity a few weeks prior to her entering the inpatient program. I was in contact with Plaintiff's past and current doctors, including Carol Lynn Trippitelli, M.D., from Washington, D.C., and Jean Tolmas, M.D., and River Oaks Hospital medical director Dr. Charles Daul, Jr.

3. Plaintiff had lost approximately 35 pounds prior to our fist meeting and continued to restrict her caloric intake to 200 calories per day. The patient was not taking her prescribed medication and not gaining weight. Her weekends consisted of out of

control bingeing and purging, she was isolating from peers and reported feeling depressed. She was having difficulty attending class.

4. I then spoke with the nutritionist who was seeing the patient (Corey Walsh, RD), as well as Dr. Tripitelli who treated Jane Doe in Washington, D.C., Dr. Tolmas of the Tulane Student Health Center and Dr. George Daul, regarding possible inpatient treatment for the Plaintiff. Everyone agreed it was the best option as the Plaintiff was not getting any better as an outpatient and that the inpatient program was necessary for the stabilization and treatment for the patient. Plaintiff was admitted to River Oaks Hospital on October 13, 2004.

5. I have reviewed the Defendant's so-called admission Criteria (MAMSI Behavioral Health and Psychiatric Level of Care Criteria for Eating Disorder ("Criteria")), and, having treated Plaintiff extensively, am of the opinion that Plaintiff satisfies the requirements for coverage.

6. Plaintiff was restricting her food intake to as low as 200 calories per day. She also was depressed and not taking her anti-depressants as prescribed. As I stated above, Plaintiff weighed significantly less than her typical weight. *See* Criteria (1) (Admin. Rec. p 303).

7. Plaintiff was also resistant to treatment. She was not doing what she was asked by her outpatient team. She was unable to eat consistently; unable to stop bingeing and purging and was taking her medication as prescribed. *See* Criteria (5) (Admin. Rec. p.304).

8. It is my opinion that Plaintiff required the structure of the inpatient program in order to improve. Plaintiff required strict nutrition monitoring and

2

supervision to prevent bingeing and purging. While stabilizing her eating disorder, she would be able to receive intensive, individual, family and group psychotherapy in order to deal with the issues underlying her eating disorder. She would also receive a complete work-up to determine the appropriate medication regime. *See* Criteria (6) (Admin. Rec. p. 304).

9. The recovery environment of River Oaks was particularly important. At the time, Plaintiff felt isolated and alone. She was depressed, had multiple family issues and had a lot of problems with peer relationships. She was isolated at Tulane; she had a recent breakup with a boyfriend and had problems with her roommates. Both her father, in Washington, D.C. and her brother in Louisiana were struggling with personal problems and Plaintiff was also very worried about both of them. She had little support from anyone. *See* Criteria (7) (Admin. Rec. p. 304).

10. Plaintiff could not monitor her eating disorder on her own. Even when given a weekend pass to try to go home and still manage her disorder, she was unsuccessful. *See* Criteria (8) (Admin. Rec. p. 305).

11. Additionally, Plaintiff did indeed suffer from comorbid psychiatric issues. She was not compliant in taking her prescribed medication (Prozac) and suffered from depression and a personality disorder. She also struggled with familial issues and problems with isolation; she felt unsupported by her peers. *See* Criteria (4) (Admin. Rec. p.304).

12. There is one other outpatient program in New Orleans, but it does not promote weight gain, monitor meals or provide the structure that River Oaks provides. River Oaks is the only inpatient eating disorder unit in Louisiana.

3

13. Furthermore, the Plaintiff wished to remain in school, and the inpatient treatment at River Oaks enabled her to stay at Tulane University

14. I am of the opinion that Plaintiff's inpatient treatment was *reasonably necessary* and in the *exercise of good medical practice in accordance with professional standard*. Plaintiff, diagnosed with bulimia nervosa, suffered from bouts of profound depression, a long history of non-compliance with medication and restricting food, binging and purging, and an inability to maintain her health and proper nutrition independently. The treatment was appropriate, necessary and provided for the treatment for the Plaintiff's diagnosis. *See* Group Certificate, Definition of Medical Necessity (Admin. Rec. at p. 279).

15. I have read Defendant's Statement of Material Facts not in Dispute and am of the opinion that the physicians did not accurately report Plaintiff's medical history, history of weight loss, history with anti-depressants, or Plaintiff's prior outpatient treatment. I am also of the opinion that the reviewers were too focused on weight criteria at the time of admission to River Oaks Hospital and did not take into consideration the Plaintiff's entire situation.

16. I believe it would have been unethical and a breach of the standard of care not to recommend inpatient treatment for the Plaintiff on October 13, 2004.

FURTHER AFFIANT SAYETH NOT.

I HEREBY SWEAR under the penalties of perjury of the United States of America that the information I have provided above is true and correct to the best of my

4

knowledge and belief.

_____
Mary Stock, Ph.D.

Dated: 11/3/06