UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JANE DOE,<br><br>    Plaintiff,<br><br>v.<br><br>MAMSI LIFE AND HEALTH<br>INSURANCE COMPANY, et al.,<br><br>    Defendant. | Case No.: 1:05CV02450 (ESH) |

**DEFENDANT MAMSI LIFE AND HEALTH INSURANCE COMPANY'S
STATEMENT OF GENUINE ISSUES OF FACTS IN DISPUTE IN SUPPORT OF ITS
OPPOSITION TO PLAINTIFF'S CROSS- MOTION FOR SUMMARY JUDGMENT**

Pursuant to Local Rule 7(h), Defendant MAMSI Life and Health Insurance Company ("MLH"), by and through counsel, Crowell & Moring LLP, respectfully submits the following Statement of Material Facts in Dispute in response to Plaintiff's Cross-Motion for Summary Judgment. MLH incorporates herein its Statement of Undisputed Facts in Support of its Motion for Summary Judgment into its Statement of Material Facts in Dispute. In addition, MLH disputes the following facts set forth by Plaintiff:

**Response to Plaintiff's Statements of Facts As A Whole**

Throughout Plaintiff's Statement of Undisputed Material Facts, Plaintiff includes assertions of fact without Record citation. The Court should reject those assertions for lack of support. In addition, Plaintiff includes correspondence from her counsel as proof of underlying factual allegations. See e.g., Plaintiff's Statement of Undisputed Material Facts, ¶¶ 16, 20, 24 and 25. The Court should reject those allegations in their entirety as the assertions of lawyers should not be confused for facts.

**Response to Plaintiff's Paragraph No. 9:**

Plaintiff provides no support for the assertion that Plaintiff "refused to eat, continued to lose weight, resisted medication, and partook in out of control bingeing and purging" in the Fall of 2004. Plaintiff cites page 19 of the Administrative Record for the foregoing facts. No such facts appear in this part of the Record.

**Response to Plaintiff's Paragraph No. 12**

The Administrative Record does not anywhere state that Plaintiff suffered a "silent heart attack" in early September 2004. Rather, the Record reflects the possibility of such an event, which is unconfirmed by the medical record and testing performed on Plaintiff. In fact, the Record actually reflects that the Plaintiff had "no acute EKG findings." Admin. Rec. at 698.

**Response to Plaintiff's Paragraph No. 13**

Plaintiff provides no Record support for any allegations set forth in this entire paragraph. Therefore, the Court should reject these purported facts in their entirety.

**Response to Plaintiff's Paragraph No. 14**

Nearly the entirety of the facts set forth in this paragraph are based on page 556 of the Administrative Record. That portion of the Record is simply a letter from counsel to IPRO, an independent review organization contracted by the District of Columbia Government to review issues of medical necessity. The Court should not credit the purported facts set forth in this letter absent support in the underlying Record. Moreover, Plaintiff fails to state that, while she did have an EKG test taken in September 2004, the results of that EKG stated that there were no acute EKG findings.

**Response to Plaintiff's Paragraph No. 20**

Plaintiff claims in this paragraph that her partial hospitalization program treatment was a continuation of inpatient care. Plaintiff cites to the Inpatient Admission History and a letter from counsel for Plaintiff in support of this proposition. The Inpatient Admission History does not address the care provided during the timeframe of Plaintiff's treatment in the partial hospitalization program.

**Response to Plaintiff's Paragraph No. 23**

Paragraph 23 primarily addresses care rendered to Plaintiff following the dates of service at issue in this case. That care is not relevant to the coverage dispute at issue here.

**Response to Plaintiff's Paragraph No. 24**

Plaintiff cites to correspondence from her counsel in support of her assertion regarding the comments of Mary Stock provided to IPRO on or about May 19, 2005. Correspondence from Plaintiff's counsel should not be considered as evidence of underlying statements made by Ms. Stock before IPRO. Moreover, Plaintiff contends that none of Ms. Stock's comments were addressed by "MAMSI reviewers." As this phone conversation was part of the D.C. agency's review of MLH's decision, neither MLH nor MAMSI was a participant.

**Response to Plaintiff's Paragraph No. 25**

The Administrative Record is abundantly clear that counsel for Plaintiff's May 20, 2005 correspondence was addressed to IPRO, the independent review organization contracted by the District of Columbia Government. Therefore, MLH was under no obligation to respond to this correspondence. Moreover, there is nothing in the Record to suggest that Plaintiff has ever forwarded claims to MLH for the services at issue. Indeed, the bills cited by Plaintiff are addressed to Plaintiff's father. Finally, even if the bills had been sent to MLH, Plaintiff was not

entitled to coverage for any portion of the services rendered at River Oaks because the Plan determined that the services, taken as a whole, were not medically necessary. See e.g., Admin Rec. at 1-2. Indeed, MLH pointed out in its initial denial letter a specific provision of the Group Certificate which states that "confinement, treatment, services, or supplies which are not medically necessary" are a specific exclusion. Id. at 1.

Date: November 27, 2006                     Respectfully submitted,


                                            /s/ Christopher Flynn
                                            Christopher Flynn, Esq.
                                            William C. Silvis, Esq.
                                            CROWELL & MORING
                                            1001 Pennsylvania Avenue, NW
                                            Washington, DC 20001
                                            Ph: 202-624-2864
                                            Fax: 202-628-5116
                                            cflynn@crowell.com
                                            wsilvis@crowell.com

4

## CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on this 27th day of November 2006, a copy of **DEFENDANT MAMSI LIFE AND HEALTH INSURANCE COMPANY'S STATEMENT OF GENUINE ISSUES OF FACTS IN DISPUTE IN SUPPORT OF ITS OPPOSITION TO PLAINTIFF'S CROSS- MOTION FOR SUMMARY JUDGMENT**, was sent via electronic filing to:

> J. Michael Hannon, Esq.
> HANNON LAW GROUP, LLP
> 1901 18th Street, NW
> Washington, DC  20009
> ph: (202) 232-1907
> Fax: (202) 232-3704
> *Counsel for Plaintiff*

and all counsel of record, registered with the Court's ECF system.

> Respectfully submitted,
>
> /s/ William C. Silvis
> William C. Silvis, Esq.
> CROWELL & MORING
> 1001 Pennsylvania Avenue, NW
> Washington, DC 20001
> Ph: 202-624-2516
> Fax: 202-628-5116
> wsilvis@crowell.com
>
> *Counsel for Defendant MAMSI Life and Health Insurance Company*