**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| JANE DOE, | : |
|     Plaintiff, | : |
| v. | :    CASE NO. 1:05cv02450 (ESH) |
| MAMSI LIFE AND HEALTH<br>INSURANCE COMPANY, et al., | : |
| | : |
|     Defendants. | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND COSTS**

Plaintiff Jane Doe, through her attorneys, HANNON LAW GROUP, LLP, respectfully submits the following Memorandum of Points and Authorities in Support of her Motion for Attorney's Fees and Costs filed herewith.

**FACTUAL BACKGROUND**

Plaintiff sought health benefits coverage for covered services under an employer-sponsored health benefits plan governed by the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001 et seq. The requested benefits had been denied by the Defendant, MAMSI Life and Health Insurance Company ("MAMSI").

In the fall of 2004, after several years of physical and psychological health problems, Plaintiff sought acute medical services from River Oaks Hospital in New Orleans ("the Hospital"). *See generally* Plaintiff's Admission Record (Admin. Rec. at pp. 5-22). Due to the severity of Plaintiff's illness, her three doctors recommended inpatient and partial hospitalization care. *See Id.* Following the Hospital's services for

inpatient treatment, Plaintiff received intensive outpatient treatment under the same diagnosis of bulimia nervosa. *See Id.*

Plaintiff submitted to MAMSI timely and sufficient claims for coverage for medical treatment from October 13, 2004, to November 22, 2004. *See* November 9, 2004, River Oaks Hospital Request for Coverage letter (Admin. Rec. at p. 4). After exhausting her administrative remedies, including an independent review by Defendant IPRO, Plaintiff filed suit on December 20, 2005. In addition to her claims against MAMSI, Plaintiff also sued IPRO, alleging that IPRO had improperly rendered its determination without considering additional medical records furnished by counsel in a telephonic hearing held on May 18, 2005. At the Court's suggestion, IPRO agreed to review the additional records. Accordingly, IPRO prepared a second recommendation to MAMSI upholding the denial of benefits. MAMSI accepted the recommendation.

MAMSI then moved for summary judgment on October 16, 2006. Plaintiff cross motioned for Summary Judgment on November 6, 2006. In her Cross-Motion for Summary Judgment, Plaintiff argued that MAMSI's original denial of benefits was flawed by its failure to consider Plaintiff's medical history and obvious need for inpatient treatment as attested to by her three physicians. Plaintiff also argued that MAMSI repeatedly misstated and manipulated its "Level of Care Criteria" ("Criteria") to its own purpose in an attempt to justify denial of coverage on a retrospective basis. *See* J. Michael Hannon Letter to IPRO, Inc. ("IPRO") of May 20, 2005 (Admin Rec. at p. 554).

On January 25, 2007, in a Memorandum Opinion, this Court ordered MAMSI to reconsider its application of the Criteria to Plaintiff. The Court remanded the case to MAMSI to reconsider its denial of treatment benefits and "to explain how the Criteria

2

apply to *all* the evidence on the record, including the new evidence considered for the first time by IPRO on its second review." January 25, 2007, Memorandum Opinion at p. 18.

As a direct result of the Court's January 25, 2007, Memorandum Opinion and Order, MAMSI offered to reimburse Plaintiff for the $39,130.57 paid by her for the inpatient treatment at River Oaks. MAMSI refused to pay any attorney's fees. On June 4, 2007, Plaintiff accepted MAMSI's offer of payment of the $39,130.57 representing only Plaintiff's out of pocket payments for her inpatient treatment in New Orleans.

Plaintiff now brings this motion to recover her attorney's fees and costs as a result of having prevailed in this action.

## ARGUMENT

### I.      ERISA AUTHORIZES THE PAYMENT OF ATTORNEYS FEES

29 U.S.C. § 1331 provides that "the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 29 U.S.C. § 1331. ERISA is a law of the United States.

ERISA, in relevant part, provides that:

> Where an action under this subchapter is brought in a district court of the United States, it may be brought in the district court where the plan is administered . . . .

29 U.S.C. §1132(e). The ERISA plan at issue is administered in Washington, D.C., and both Defendant MAMSI and Plaintiff Jane Doe filed motions for summary judgment in this Court. Further, the Court exercised jurisdiction in issuing its Memorandum Opinion and Order in response to the parties' motions.

MAMSI was ordered to reconsider its "denial of inpatient benefits and explain how the Criteria apply to *all* the evidence in the record, including the new evidence

3

considered for the first time by IPRO on its second review." January 25, 2007, Memorandum Opinion at p. 18. That remand order resulted in a negotiated reimbursement to Plaintiff of $39,130.57 of the costs of her inpatient treatment.

ERISA unambiguously authorizes district courts to award fees. It provides that "in any action under this subchapter . . . the court in its discretion may allow a reasonable attorney's fee and costs of action to either party." 29 U.S.C. § 1132(g). Following an approach initially developed by the Tenth and Fifth Circuits, the Ninth Circuit adopted five factors as guidelines for the district court in deciding whether to award attorneys' fees under ERISA. *See Hummell v. S. E. Rykoff & Co.*, 634 F.2d 446, 453 (9th Cir. 1980). A majority of the circuits have since followed suit, including the District of Columbia. *See Eddy v. Colonial Life Ins. Co. of Am.,* 59 F.3d 201, 203 (D.C. Cir. 1995). The five *Hummel* factors are: (1) the degree of the opposing party's culpability or bad faith; (2) the ability of the opposing party to satisfy an award; (3) the deterrent effect a fee award would have upon others similarly situated; (4) the degree to which the party seeking fees attempted to benefit all participants and beneficiaries or to resolve a serious ERISA issue; and, (5) the relative merits of the claims of the respective parties. *See Id* at 206.

### 1. Degree of the Opposing Party's Culpability or Bad Faith

In determining the degree of Defendant MAMSI's culpability or bad faith, the Court may focus on "the nature of the offending party's conduct." *See Eddy v. Colonial Ins.,* 59 F.3d at 209. Plaintiff repeatedly requested treatment benefits for her medical care and demonstrated that the Hospital treatment was medically necessary. Defendant MAMSI's subsequent and numerous misapplication of the Contract, and Criteria therein, amounted to a bad faith dismissal of Plaintiff's claim.

Plaintiff argued that Defendant MAMSI subjectively reviewed Plaintiff's medical condition, added and applied supplemental criteria to Plaintiff's claim and misstated the additional criteria to Plaintiff's detriment. This Court agreed, stating that "MAMSI and the external reviewers of its benefits determination appear to have misapplied the governing standard . . . ." January 25, 2007, Memorandum Opinion at p. 21.

Further "culpability" has been defined as "implying that the act or conduct spoken of is reprehensible or wrong, but not that it involves malice or a guilty purpose." *Werner v. Upjohn Co., Inc.*, 628 F.2d 848, 856 (4th Cir. 1980). MAMSI's misapplication of inaccurate standards to Plaintiff's benefits determination and its failure to make adequate findings or explain adequately the grounds of its decisions amounts to a degree of culpability. *See* January 25, 2007, Memorandum Opinion at p. 21. Plaintiff was required to pursue this matter for nearly three years through counsel. To remedy MAMSI's deficits, the Court obtained through this litigation a review by IPRO of important medical records that MAMSI had not considered. To remedy MAMSI's third refusal to pay benefits, the Court was compelled to order a remand for MAMSI to apply its own criteria properly.

In any event, neither the bad faith nor culpability factor is necessarily decisive. *See Wright v. Hanna Steel Corp.*, 270 F.3d 1336, 1344 (11th Cir. 2001). The cumulative effect of all of the considered factors warrants the recovery of attorney's fees. *See Smith v. CMTA-IAM Pension Trust*, 746 F.2d 587, 590 (9th Cir. 1984).

    **2.** **<u>Ability of the Opposing Party to Satisfy an Award</u>**

In a motion for attorney's fees brought under ERISA, mere ability to pay is not conclusive in awarding fees, but relative ability to pay is relevant. *See Sabina v.*

*American General Life Ins. Co.*, 856 F. Supp. 651 (S.D. Fla., 1992).  MAMSI is a subsidiary of UnitedHealth Group Incorporated, a self-described "innovative leader in the health and well-being industry, serving more than 50 million Americans."  *See generally* UnitedHealth Care at http://www.mamsiunitedhealthcare.com.  MAMSI offers access to over 45,000 physicians, health care practitioners and facilities.  *See* Id.  There is no indication that MAMSI is unable to satisfy an award of reasonable attorney's fees.  Indeed, UnitedHealth Group is a diversified Fortune 40 health and well-being company.  *See* Id.

Conversely, Plaintiff is a recent college graduate, whose father is generously trying to protect his daughter's health.  Plaintiff is pleased to report that as a result of the intensive treatment at River Oaks, she is doing better.  Unfortunately, dealing with slipshod insurance companies often requires the use of attorneys, and she has accrued thousands of dollars of debt in trying to hold MAMSI to its contractual obligations.  Plaintiff has had to expend an enormous amount of money just to have a Court order MAMSI to apply its own criteria correctly.

Given the modest means of Plaintiff, the need for an award of attorney's fees is critical.  MAMSI is better able to bear the costs of Plaintiff's representation in this action than Plaintiff herself.  *See Kayes v. Pacific Lumber Co.*, 51 F.3d 1449, 1469 (9th Cir. 1995).

### 3. Deterrent Effect a Fee Award Would Have Upon Others Similarly Situated

When applying this factor, the Court should consider whether the award of fees will likely deter similar future ERISA violations and address inadequate detection and resolution of ERISA violations.  *See Eddy v. Colonial Ins.*, 59 F.3d at 207.

"In the absence of attorneys' fees awards to wronged plan participants . . . insurers and plan carriers will have less incentive to improve procedures to detect (as well as prevent) mistakes." *Eddy*, 59 F.3d at 208. By awarding Plaintiff Jane Doe attorney's fees, the Court makes both delay in benefit decisions and subsequent litigation less likely. This in turn encourages earlier, more accurate resolution of claims in the future. *See Id*. In Jane Doe's case, the Court had properly held MAMSI accountable for failing to follow its own criteria.

4. **Degree to Which the Party Seeking Fees Attempted to Benefit All Participants and Beneficiaries or to Resolve a Serious ERISA Issue**

Plaintiff's success in requiring MAMSI to properly consider her claim benefits other plan beneficiaries by serving notice that a Court will strictly require an ERISA fiduciary to apply its own criteria accurately. *See Eddy*, 59 F.3d 201. Further the D.C. Circuit has noted that a plaintiff's victory may be significant if it "addressed a generally applicable legal question important in advancing ERISA's remedial purposes." *Eddy*, 59 F.3d at 209.

A plan administrator, such as MAMSI, ought not to promise benefits, force a beneficiary to hire a lawyer to advocate her position, and ultimately only pay the beneficiary after a lawsuit has been filed. ERISA is meant to protect Plaintiff Jane Doe, a beneficiary of an employee benefit plan. A decision in favor of Plaintiff advances ERISA's remedial purpose.

5. **Relative Merits Of The Claims Of The Parties**

The ERISA fee shifting statute does not expressly limit fee awards to the prevailing party, but it is a *significant* consideration. *See Cefali v. Buffalo Brass Co.,*

7

*Inc*., 748 F. Supp. 1011 (W.D.N.Y., 1990). Whether a party prevailed may be considered in determining the relative merits of the claims of the party.

The Supreme Court has made it clear that a remand, standing alone, is sufficient to achieve prevailing party status. *See Shalala v. Schaefer*, 509 U.S. 292, 300 (1993). A prevailing party must have obtained some form of "judicially sanctioned change" in the parties' legal relationship . . . ." *See Lynom v. Widnall*, 222 F.2d 1, 4 (D.C Cir. 2002). MAMSI initially condoned a haphazard review by its agent IPRO. Plaintiff succeeded in having the Court persuade IPRO to reconsider its decision with all relevant records, and persuade MAMSI to reconsider its decision based on IPRO's re-review.

Nevertheless, MAMSI repeatedly misstated and misapplied its own "Level of Care Criteria" in denying Plaintiff's claim three times. The Court recognized this error and ordered MAMSI to reconsider Plaintiff Jane Doe's claim pursuant to the accurate Criteria. The Court's Remand Order caused a change in the legal relationship between Jane Doe and MAMSI because it required MAMSI to do something it otherwise would not have been under an obligation to do – reconsider Jane Doe's claim for benefits.

Further, Plaintiff may be considered a prevailing party for attorney's fees purposes because she succeeded on a significant issue, reconsideration of her benefits claim, and achieved some of the benefit she sought in filing her Cross Motion for Summary Judgment. *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The Court's Order, therefore, is sufficient to qualify Plaintiff Jane Doe as a prevailing party. *See Buckhannon Board and Care Home, Inc. v. West Virginia Department of Health and Human Resources*, 532 U.S. 598 (2001).

The Court may also look to the parties' settlement agreement to ascertain the relative merits of the parties' positions. *See Sabina v. American General Life Ins. Co.*, 856 F.Supp. 651, 655 (S.D. Fla. 1992). Fees are warranted because the litigation causally affected the recovery of a benefit to Jane Doe under the settlement agreement reached between the parties. Indeed, the ERISA suit, and subsequent Court Memorandum Opinion and Order, was the substantial factor in Plaintiff Jane Doe's recovery under the settlement agreement. *See Gerena-Valentin v. Koch*, 739 F.2d 755, 758 (2d Cir. 1984).

In light of MAMSI's repeated and ongoing misapplication of its own Criteria, the Court's Remand Order and Jane Doe's favorable settlement agreement, Plaintiff's claim can reasonably be said to be more meritorious than the defenses asserted to her request by MAMSI.

## II.    REASONONABLE FEES AND COSTS

As the fee applicant, Plaintiff Jane Doe bears the burden of establishing entitlement to fees. Having done so, Plaintiff respectfully requests $72,624.50 as reasonable attorney's fees and $1,182.60 in costs. *See Board of Trustees of the Hotel and Restaurant Employees Local 24 v. JPR, Inc.,* 136 F.3d 794, 806 (D.C. Cir. 1998). The Supreme Court has noted that "[t]he most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). According to the Affidavit of Counsel filed herewith, Plaintiff incurred $72,624.50 in legal fees and $1,182.60 in costs. The Affidavit of Counsel sets out the reasonable hourly rate for the work performed, and the detail of the costs incurred in the suit, as well as his averment that the fees and costs were reasonably necessary to achieve the result sought.

**CONCLUSION**

Included within ERISA is a provision providing for attorney's fees: "[I]n any action under this subchapter . . . the court in its discretion may allow a reasonable attorney's fee and costs of action to either party." 29 U.S.C. 1132(g)(1).  The D.C. Circuit has adopted a five factor test outlined in *Eddy*.  *See Eddy v. Colonial Life Ins. Co. of Am., 59 F.3d 201, 203 (D.C. Cir. 1995)*.  The cumulative affect of all five factors warrants an award of attorney's fees in Plaintiff Jane Doe's favor.  Plaintiff, therefore, respectfully requests $72,624.50 in reasonable attorney's fees and $1,182.60 in costs pursuant to 29 U.S.C. 1132(g).

        Respectfully submitted,

        HANNON LAW GROUP, LLP


        */s/ J. Michael Hannon*
        J. Michael Hannon, #352526
        1901 18th Street, N.W.
        Washington, DC 20009
        (202) 232-1907
        (202) 232-3704 Facsimile
        jhannon@hannonlawgroup.com

        *Attorney for Plaintiff Jane Doe*