**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| JANE DOE, | : |
| Plaintiff, | : |
| v. | : CASE NO. 1:05cv02450 (ESH) |
| MAMSI LIFE AND HEALTH INSURANCE COMPANY, et al., | : |
| | : |
| Defendants. | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF MOTION FOR ENFORCEMENT OF SETTLEMENT AGREEMENT**

Plaintiff Jane Doe, through her attorneys, HANNON LAW GROUP, LLP, respectfully submits the following Memorandum in Support of her Motion for Enforcement of a Settlement Agreement.

**INTRODUCTION**

On March 26, 2007, Plaintiff Jane Doe, through her attorneys, HANNON LAW GROUP, LLP, extended a demand for settlement in the amount of $98,897.47, consisting of $39,130.57 to reimburse Plaintiff for MAMSI's non-payment of her inpatient treatment and $59,766.90 to reimburse some of Plaintiff's legal fees.

In response to this demand, Defendant MAMSI Life and Health Insurance Company ("MAMSI") sent the following email on April 17, 2007:

> We have been talking about settlement . . . On the settlement front, the best our client is going to do is compensate your client for the outstanding paid medicals of $39,000 in their entirety. Your client should seriously consider the offer.
>
> Had the services been medically necessary under the criteria (they were not), the total benefit for inpatient treatment of bulimia would have been approximately $15,000 since the care was provided at a

UnitedHealthcare participating hospital.  This offer is nearly three times that amount.  Given the facts, as they now stand, paying your client 100% of their paid medicals is a very generous offer.

On June 4, 2007, Plaintiff accepted MAMSI's offer to pay "the outstanding paid medicals of $39,000 in their entirety" contained in MAMSI's April 17, 2007 email.  Thus, a settlement agreement was reached between the parties.  Given MAMSI's refusal to pay anything towards Plaintiff's legal fees, Plaintiff also filed a motion with the Court seeking a judicial award of attorney's fees under ERISA based on Plaintiff's having achieved several re-reviews through litigation as well as a remand for MAMSI to consider all of the evidence in light of its guidelines.

In response, MAMSI sent an email stating: "The best and final offer to your client was to settle all open claims (inpatient, outpatient and attorney's fees) for the value of the $39,000 in medical costs and subject to the execution of a settlement agreement.  Your client has not accepted those terms and we reject your counteroffer."  Given this response, Plaintiff seeks an order enforcing the settlement agreement based on the original terms of MAMSI's offer of April 17 which were accepted on June 4, 2007.

## ARGUMENT

Federal district courts have the authority to enforce settlements agreements.  *See Autera v. Robinson*, 419 F.2d 1197, 1200 (D.C. Cir. 1969).  Settlement agreements are enforced according to principles of contract law.  *See Simon v. Circle Associates*, 753 A.2d 1006, 1012 (D.C. 2000).  A valid and enforceable contract requires an agreement as to all material terms, and an intention of the parties to be bound.  *See Georgetown Entertainment Corp. v. District of Columbia*, 496 A.2d 587, 590 (D.C. 1985).  In the

District of Columbia, a binding contract is created by an offer and acceptance, consideration, and an intention to create legal relations. See *Id.*

An offer is the "manifestation of willingness to enter into a bargain, so made as to justify another person in understanding that his assent to that bargain is invited and will conclude it." RESTATEMENT (SECOND) OF CONTRACTS § 24 (1981). On April 17, 2007, MAMSI offered to pay Jane Doe's "outstanding paid medicals of $39,000 . . . ." Further, MAMSI characterized the payment as a "very generous offer" and encouraged Jane Doe to "seriously consider the offer."

Acceptance of an offer is a "manifestation of assent to the terms thereof made by the offeree in a manner invited or required by the offer." RESTATEMENT (SECOND) OF CONTRACTS § 50 (1981). On June 4, 2007, Plaintiff Jane Doe accepted MAMSI's offer, via an E-mail communication that read:

> [Jane Doe] accepts [the] offer contained in your email of April 17, 2007, at 1:11 p.m., to pay "the outstanding paid medicals of $39,000 in their entirety."

Perhaps the most important feature of a contract is that one party makes an offer for a bargain that another accepts. *See Davis v. Winfield*, 664 A.2d 836, 838 (D.C. 1995). Ordinarily, when one party makes an offer, and the other accepts that offer, there is a "meeting of the minds." D.C. Standardized Civil Jury Instructions § 11.02. MAMSI made an offer, and Plaintiff Jane Doe accepted the offer. There was, therefore, a "meeting of the minds" between the parties; a binding agreement was formed regarding the resolution of Jane Doe's outstanding medical costs. Pursuant to the settlement agreement between the parties, MAMSI is required to pay the "outstanding paid medicals of $39,000 in their entirety." Having agreed to pay Plaintiff's inpatient medical expenses

but refusing to pay any legal fees, MAMSI cannot withdraw its offer simply because Plaintiff seeks her attorney's fees through the statutory mechanism provided by ERISA. Plaintiff is entitled to attorney's fees and costs on two grounds: having achieved through litigation multiple reviews by MAMSI of Plaintiff's claims including a remand requiring MAMSI to follow its own criteria; and, having achieved a settlement.

## **CONCLUSION**

Enforcement of a settlement agreement is determined according to principles of contract law. *See Sims*, 648 A.2d 940 at 942. The District of Columbia adheres to the "objective law" of contracts: the language of the agreement, as it is written, governs the obligations of the parties. *See Capital City Mortgage Corp. v. Habana Village Art and Folklore, Inc.,* 747 A.2d 564 567 (D.C. 2000). Plaintiff Jane Doe and MAMSI entered into a binding settlement agreement to pay Jane Doe's "outstanding paid medicals of $39,000 in their entirety." Plaintiff has demonstrated that a valid and enforceable contract exists between the parties. Plaintiff, therefore, respectfully requests an order of Enforcement of the Settlement Agreement.

Respectfully submitted,

HANNON LAW GROUP, LLP


    */s/ J. Michael Hannon*
J. Michael Hannon, #352526
1901 18th Street, N.W.
Washington, DC 20009
(202) 232-1907
(202) 232-3704 (facsimile)
jhannon@hannonlawgroup.com
*Attorney for Plaintiff*