UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JANE DOE,<br><br>      Plaintiff,<br><br>v.<br><br>MAMSI LIFE AND HEALTH INSURANCE COMPANY, *et al.*,<br><br>      Defendant. | Case No.: 1:05CV02450 (ESH) |

## DECLARATION OF CHRISTOPHER FLYNN

I, Christopher Flynn, make the following declaration in support of MAMSI Life and Health Insurance Company's ("MLH's") Opposition to Plaintiff's Motion for Attorney's Fees and Costs.

1. I am a citizen of the United States and I am over the age of eighteen.

2. I am lead counsel for MLH in this case. Following the Court's Memorandum Opinion on the parties' summary judgment motions, the parties discussed the possible resolution of this matter by settlement. During several discussions that I had with Michael Hannon, counsel for Plaintiff, we discussed the parameters of a settlement, which included the payment of an amount by MLH in return for the dismissal of Plaintiff's claims against MLH, including any claim for attorney's fees and costs, a release and an executed settlement agreement.

3. Following Plaintiff's issuance of a settlement demand on March 26, 2007, I responded to Mr. Hannon both over the phone and via email, offering to settle the entire matter (including inpatient claims, outpatient claims and attorney's fees) for a sum certain. I do not

identify that amount in this declaration because those discussions were confidential (at least until Plaintiff included them in her recent motions) and should not be fore the trial judge.

4. At no time during this case has MLH authorized, or have I offered, to settle this case by paying an amount to settle just one medical claim. I have been clear with Mr. Hannon that, as a prerequisite to settlement, there must be a release of all claims, including attorney's fees, and an executed written settlement agreement.

5. I have represented MLH and its affiliates for over thirteen years, including in numerous ERISA actions. I have never settled an ERISA dispute on behalf of MLH without also requiring an executed settlement agreement, releases as to all claims, including attorney's fees, dismissal of the action with prejudice, confidentiality and terms of payment.

6. Despite this, Plaintiff's counsel emailed me on June 4, 207 at 5:28 p.m. to "accept" a purported offer to settle only Plaintiff's claim for inpatient services. One minute later, Plaintiff filed a motion for attorney's fees and costs. At no time did Plaintiff's counsel contact me by phone to discuss the parameters of the purported settlement.

7. Upon receipt of Plaintiff's counsel's email, I responded immediately via email and informed him that he had misrepresented MLH's offer and that the parties were not in agreement regarding any settlement. Plaintiff's counsel never responded to my June 4, 2007 email rejecting his assertion that the parties had settled any part of this case.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: June 15, 2007

_____
Christopher Flynn

2