UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
**JANE DOE,**                       )
                                    )
    **Plaintiff,**          )
                                    )
    v.                      )   Civil Action No. 05-2450 (ESH)
                                    )
**MAMSI LIFE AND HEALTH**           )
**INSURANCE COMPANY,**              )
                                    )
    **Defendant.**          )
_____)

## ORDER

For the reasons stated in the conference call on June 19, 2007, it is hereby ordered that plaintiff's Motion for Attorney's Fees and Costs [Dkt. # 50] is dismissed without prejudice because it is premature.

It is further ordered that plaintiff's Motion to Enforce a Settlement Agreement [Dkt. # 51] is dismissed for lack of jurisdiction. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 378 (1994) (holding that "[e]nforcement of [a] settlement agreement . . . is more than just a continuation or renewal of the dismissed suit, and hence requires its own basis for jurisdiction," and also noting that "[i]f the parties *wish* to provide for the court's enforcement of a dismissal-producing settlement agreement, they can seek to do so" by providing for the court's "retention of jurisdiction" over the settlement contract); *cf. Schwarzwaelder v. Merrill Lynch & Co., Inc.*, 467 F. Supp. 2d 495, 497 (W.D. Pa. 2006) (explicitly retaining jurisdiction over ERISA case after remand to plan administrator); *Kaelin v. Tenet Employee Benefit Plan*, 04-2871, 2006 WL

2382005, at * 9 (E.D. Pa. Aug. 16, 2006) (same).

**SO ORDERED**.

/s/
ELLEN SEGAL HUVELLE
United States District Judge

Date: June 26, 2007